NEW YORK,
May, 1827.

Mitchell
v.
Culver.

MITCHELL *against* CULVER.

Where in-
dorsers commit
a promissory
note to the
maker, with a
blank for the
date, they au-
thorize him to
fill it up with
what date he
pleases.
So of a
blank for the
sum, or time
of payment.
*M. & F. Bank*
v. *Schuyler*,
note (*a*) to this
case.
So of a note
entirely blank.
*id.*
A promis-
sory note is
perfect with-
[*337]
out date or
time of pay-
ment. *id.*

ASSUMPSIT on a promissory note; second indorsee against
second indorser; tried at the Ulster circuit, April 17th,
1826, before BETTS, (late) C. Judge.

The note was made by Rowe, payable to H. at 60 days,
for $200; and purported to bear date November 5th, 1825.
This note, having a blank for the day of the month, was
made on the 27th of November, 1825, and indorsed by H.
and the defendant. It was afterwards delivered by the
maker to the plaintiff, in payment of a debt, who, by direc
tion of the former, filled in the " 5th."

Verdict for the plaintiff, subject to the opinion of this
court.

*T. J. Oakley*, for the plaintiff, cited Dougl. 514; 5 Cranch,
151; 4 Mass. Rep. 45, 55.

*H. M. Romeyn*, contra, cited Chit. Pl. 53; Swift's Dig.
251; Com. Dig. Fait, (B. 3.); 2 Ld. Raym. 1076; 7 T. R.
593; 12 Mod. 204: id. 193, 651; 4 T. R. 320, per *Buller*,
J.; 3 B. & P. 173; 2 John. 300; 20 John. 288; Com. Dig.
Fait, (F.); 4 T. R. 320; 2 H. Bl. 141; 3 Esp. Rep. 155;
id. 57, 246; Esp. Dig. 76; 10 East, 531; 2 Caines, 343;
7 Serg. & Rawle, 500; 19 John. 391.

*Curia, per* SUTHERLAND, J. This case is not distinguish-
able in principle, from that of *The Mechanics' & Farmers'
Bank* v. *Schuyler*,(*a*) decided at the last term. The only

(*a*)MECHANICS' and FARMERS' BANK *against* SCHUYLER and others.

ASSUMPSIT; indorsees against the first four indorsers, joint payees of a
promissory note; tried at the Albany circuit, February 9th, before DUER, C.
Judge; when a verdict was taken for the plaintiff, subject to the opinion of
this court.

*Talcott*, (attorney general,) for the plaintiff.

*M. T. Reynolds*, contra.

*Curia, per* SUTHERLAND, J. The note was indorsed by the defendants on

*difference is, that here the date was inserted with the knowledge of the plaintiff. But I do not perceive that this can vary the case. When an indorser of a note commits it to the maker, with the date in blank, the note carries on the face of it an implied authority to the maker to fill up the blank. As between the indorser and third persons, the maker, under such circumstances, must be deemed to be the agent of the indorser, and as acting under his authority,

the 23d of February, 1825; there being, at that time, no date to it; and the defendants, knowing that fact, (for they read the note before they indorsed it,) re-delivered it in that state to the maker. The maker, on the 28th of February, inserted the date of the 28th of January, 1825; and about the 1st of March, negotiated it to the plaintiffs, who were ignorant of the circumstances stated.

The question is, whether, as between these parties, the note is rendered invalid, in consequence of its having been ante-dated, so that it had nearly 30 days less to run, than it would have had, if it had been dated as of the day when it was indorsed.

An indorsement on a blank note, without sum, or date, or time of payment, will bind the indorser, for any sum, payable at any time, which the person to whom the indorser entrusts it, chooses to insert. It is a letter of credit for an indefinite sum. *Russsll* v. *Langstaffe*, Dougl. 514; 5 Cranch, 151; 2 M. & S. 90; 4 Mass. Rep. 54, 55. If there is an implied discretionary authority in such case to fill all the blanks, it would seem to follow, that such an authority must equally exist to supply one, if one only be left. Accordingly, if the amount be left blank, any sum may be inserted; if the time of payment, it may be fixed at the pleasure of the holder; and in the hands of a *bona fide* indorsee, the indorser cannot question the transaction, though the blanks may have been filled in a manner entirely different from the understanding and expectation of the indorser, when he put his name upon the note.

It is said that the note in this case was perfect without a date. It is true that the date is not essential to the validity of a bill or note; for where they have no date, the time, if necessary, may be inquired into, and will be computed from the day they were issued. 2 Ld. Raym. 1076; 2 Show. 422; Chit. on Bills, 78; 3 B. & P. 173; 2 John. 303; 13 East, 5. Nor is it necessary to the validity of a note, that a time of payment should be expressed in it. If none be fixed, it is payable on demand. Chit. on Bills, 79; 7 T. R. 427. But if a note is indorsed, perfect in every respect but the time of payment, and that is left blank, can there be any question of the authority of the maker, if the note be re-delivered to him, to insert any time of payment he may think proper, before he puts it in circulation? Can the indorser, in such a case, protect himself from liability, on the ground of an alteration of the note? If not, upon what principle can the insertion of the date, where that is left blank, be considered an alteration? If it be conceded, as it must be,

NEW YORK, and with his approbation. Although it is not essential to
May, 1827. the legal validity of a note, that it should be dated, yet we
Lavett all know that it is necessary to its free and uninterrupted
v. negotiability. A note without a date, will not be dis-
The People. counted at our banks, nor pass in the money market, with-
out previous inquiry. All the parties, therefore, to a note
intended for circulation, must be presumed to consent that
the person to whom such note is entrusted for the purpose
of raising money, may fill up the blank with a date. The
evidence does not show that the plaintiff paid less for the
note than its face.

Judgment for the plaintiff.

that the maker in this case had an implied authority to fill up the blank at
all, the indorser, and not the innocent indorsee, must suffer the consequence
of an abuse of that authority, if it has been abused. It is not, in judgment
of law, an alteration of the note. The defendant must have contemplated
the addition of the date, before the note was to be passed; for it was paya-
ble at the Mechanics' & Farmers' Bank. It is believed to be the invariable
custom of banks to discount no paper without a date.

The cases of *The Bank of America* v. *Woodworth*, (19 John. 391,) and *Mat-
tth* v. *Miller*, (4 T. R. 320,) are very distinguishable from this. In the latter
case, the date of the bill was originally inserted, and had been actually altered
by the holder, without the knowledge or assent of the acceptor. In the first
case, the place of payment was inserted without the consent of the indorser.

Judgment for the plaintiff.

---

[*339]                    *LAVETT *against* THE PEOPLE.
                    EGGLESTON *against* THE SAME.

A writ of      IN these causes, motions were made in behalf of the
error, at the people, to quash the writs of error, for irregularity.(a)
suit of a citi-
zen, in crimi-
nal cases,    (a) The following is the opinion of the court below, as delivered by Mr.
though not Recorder RIKER, on receiving the writs of error:
capital, cannot
issue without    In these causes, writs of error have just been delivered to the court. It is
the *fiat* of the at the moment that the sentence of the law, after conviction, is about to be
attorney gene-
ral.

But should he refuse his *fiat*, in a proper case for error, the supreme court will order him
to grant it. A writ of error will not, *per se*, stay execution in a criminal cause. Per
Riker, recorder. See note (a.) But the court below will, on motion, stay execution till
judgment be given on the writ of error. Id. note (a).