## NANCE v. LARY.

1. Where one writes his name on a blank piece of paper, of which another takes possession *without authority therefor*, and writes a promissory note above the signature, which he negotiates to a third person, who is ignorant of the circumstances, the former is not liable as the maker of the note to the holder.

WRIT of Error to the Circuit Court of Tuskaloosa.

This was an action of debt on a bill single, made by the defendant and George N. and Joseph H. Langford, on the 29th of August, 1838, for the payment of one thousand dollars to the plaintiff or bearer, ninety days thereafter. The cause was tried

on the plea of *non est factum*. The plaintiff excepted to the ruling of the court, by which the evidence adduced by the defendant was adjudged to be admissible, and then demurred to the sufficiency of the evidence to make out the defence. Upon the production of the writing sued on, the defendant admitted the signature was in his hand writing, and proved that the word "seal," written in the scroll was not. It was also proved, that about March, 1838, the defendant agreed to become a co-surety with George N. Langford, in a constable's bond of Michael Whatley, then of Autauga county, that he went to the store of Langford, for the purpose of executing the bond, when the latter produced a sheet of paper for him to sign in blank—it being the intention of all the parties that the paper should then be thus signed, and the bond afterwards written out by a competent person. The defendant accordingly signed his name in blank; whereupon Langford suggested that the signature was so far from the bottom of the paper, that there might not be room for the bond to be written above it, and produced another sheet for affiant to sign, so as to leave sufficient room for the intended bond. Langford, with apparent carelessness, slipped the first sheet aside, and signed the other with the defendant, who carried it to the clerk of the court to be filled up, leaving the former with Langford, under the impression that it had or would be destroyed. Subsequently, Langford caused the note in controversy to be written over the blank signature of the defendant, retained by him; and the defendant has derived no benefit therefrom.

The court decided, that the evidence was sufficient to bar a recovery, and rendered a judgment for the defendant.

PECK, for the plaintiff in error, cited Roberts v. Adams, [8 Porter's Rep. 297,] Putnam v. Sullivan, [4 Mass. Rep. 45,] Herbert v. Huie, [1 Ala. Rep. 18, and cases there cited.] He contended that Langford was not guilty of a forgery, but, at most, of a fraud; and as the defendant had enabled him to use his name either by design or through carelessness, he must make good the consequences to the plaintiff, to whom no blame is attributable.

HUNTINGTON, for the defendant.—The demurrer admits that the signature of the defendant was used without any authority from him; and he is no more bound to pay the note, than if the

blank on which it was written had been purloined, or found by the party using it. In this view Langford was guilty of a forgery—1st, in writing the note—2d, in affixing a seal to the defend-· ant's name. [3 Inst. 371 ; Bacon's Ab. tit. Forgery, A.] The cases relied on by the plaintiff, are unlike the present. There, the paper was signed with the intention that it should be used ; or least, such was the inference. Here it was substituted by another paper, and was never intended to be thereafter used for any purpose.

COLLIER, C. J.—It is insisted for the plaintiff that the liability of a person who writes his name on a blank piece of paper, to pay a note or bill written over it, does not depend upon the fact, that the paper has been signed for such purpose, but it rests upon the ground, that by thus signing the paper a third person, without any knowledge of the extent, or want of authority, has been imposed on. We are not aware of any case in which the law on this point has been laid down in terms so latitudinous. Sumner v Parsons, which is cited by Mr. Dane, in his Abridgment, goes further than any other case we have noticed. There, Parsons wrote his name on a piece of paper and gave it to Brown; Brown made a note on the other side, for the payment of money to Sumner; Sumner then wrote a guaranty of the note over Parsons' signature, and sued him thereon. The court held, that Sumner had a right to fill the indorsement, so as to make Parsons a common indorser of the note, with the rights and obligations of such, or a guarantor, or warrantor, or surety, liable in the first instance, and in all events, as a joint promisor would be. The learned author observes, that, "it must be admitted, that this case was carried as far as any case had gone, and on the review, the court was not unanimous, and it has since been questioned."

Chitty, in his treatise on bills, seems to place the liability of a party who signs a blank piece of paper, upon the ground, that he confers an authority, or reposes a confidence in the person to whom it is delivered; and deduces the conclusion that if the extent of the authority is unknown to him who receives a security written thereon, the party signing it, shall be liable to the full amount. [9 Am. ed. 33, 240. See also Story on Bills, secs. 53, 222, and cases cited in the notes.]

Collis v. Emmett, [1 H. Bla. 313,] and Russell v. Langstaffe,

Doug. [Rep. 496,] are leading cases on this point, and in both of them, was an authority given; in the first to draw a bill, and in the latter promissory notes.   In the cases decided in this court authority was conferred by the persons signing the blanks to use them for some purpose, and the liability is placed upon the ground that though the power was abused, innocent holders of paper should not be the losers.   [Brahan & Atwood v. Ragland, et al. 3 Stew. Rep. 260; Roberts v. Adams, 8 Porter's Rep. 297; Herbert v. Huie, 1 Ala. Rep. N. S. 18.]   So Putnam v. Sullivan, [4 Mass. Rep. 45,] is a case in which confidence was reposed.  There, it appears, that the defendants left their names indorsed in blank on papers, with their clerk, for the purpose of having notes of a certain description written thereon, and a third person obtained those papers by false pretences, and wrote notes thereon, signed by himself as promisor to the indorsers, and passed them to a third person, who had no notice of the facts; the defendants were held liable as indorsers.   This case and Sumner v. Parsons, go quite as far, if not beyond any other that has fallen under our notice, yet they are distinguishable from the case at bar in one particular, that has been regarded as very important.  In each of those cases, the party signing the paper placed it in the hands of a third person; in the former, to write notes on; in the latter, the purpose of the delivery is not shown.   The latter was not concurred in by the entire court, and has since been questioned; the former, in our opinion, presses the law as far as it is allowable. In the present case, there is no just pretence, that the defendant ever confided his signature to Langford. Although he signed the paper with the intention that a bond should be written on it, that intention was changed and so expressed and understood by Langford and others interested, before he left the room, and the paper thrown aside without any design that it should be used.

The making of the note by Langford, was not a mere fraud upon the defendant, it was something more.   It was quite as much a forgery as if he had found the blank, or purloined it from the defendant's possession.   If a recovery were allowed upon such a state of facts, then every one who ever indulges the idle habit of writing his name for mere pastime, or leaves sufficient space between a letter and his subscription, might be made a bankrupt by having promises to pay money written over his signa-

ture. Such a decision would be alarming to the community, has no warrant in law, and cannot receive our sanction.

The judgment of the circuit court is consequently affirmed.

CLAY, J.—Not sitting.