IRA PAGE and another, Respondents, *v.* DANIEL MORRELL, and others, Appellants.

Where the date of a promissory note is left blank, the holder may fill up the blank with any date within the month named without invalidating the note.

All the parties to a note designed for circulation are presumed to consent that the person to whom the same is intrusted for the purpose of raising the money may fill up the blank date.

APPEAL from a judgment of the Supreme Court in the fourth district, affirming a judgment in favor of the plaintiffs on the decision of a single judge.

Action against the makers and indorser of a promissory note. On the 10th of June, 1859, the defendant Morrell made the promissory note in suit, dated Canajoharie, June, 1859 (a blank being left for the day of the month), whereby they promised to pay fifty dollars, thirty days after date, with use, to the order of Benjamin K. Nellis, at the Canajoharie Bank. They also procured it to be indorsed by Nellis, for their accommodation. On the same day, they transferred the note for value to one Wiles, and, on the 15th day of the same month, Wiles transferred it, for value, to the plaintiffs, who, without the knowledge of the makers or indorser, or of Wiles, and without the express direction or consent of either of them, filled the blank in the date with the figure "1," so as to make the date "June 1, 1859." The 4th day of July, in that year, falling on Monday, the note was duly protested on Saturday, the 2d of July, and the indorser was charged. Upon these facts the judge decided that the note was valid against the makers and indorser, notwithstanding the insertion by the plaintiffs, of the figure "1" in the date; and the defendants excepted.

The case is submitted on printed points.

*D. S. Morrell,* for the appellants.

*James H. Cook,* for the respondents.

SMITH, J. The only question in this case is, whether, as between these parties, the note is rendered invalid, in consequence of its having been antedated by the plaintiffs after the transfer to them, so that it had ten days less to run, than it would have had, if it had been dated as of the day when it was indorsed and negotiated to Wiles.

There can be no doubt that, if the same day of the month had been inserted by the makers when they negotiated the note to Wiles, without the knowledge of the indorser, the note would not thereby have been rendered invalid, as against the indorser; and so, if the day had been inserted by Wiles, with the express direction or consent of the maker. In such case, the note, when indorsed, being perfect in every respect but the date, and that having been left blank, the makers would have had an implied authority from the indorser, to insert any day of the month they might think proper. (*Mitchell* v. *Culver*, 7 Cow., 336; *Mechanics' and Farmers' Bank* v. *Schuyler*, id., 337, note.) Such authority results from the general rule, that an indorsement on a blank note, without sum, or date, or time of payment, will bind the indorser, for any sum, payable at any time, which the person, to whom the indorser intrusts it, chooses to insert. The date of a note is no exception to this rule, although it is not essential to the validity of a note that the date be expressed; for, where a note has no date, the time, if necessary, may be inquired into, and will be computed from the day it was issued. But it is essential to the free and uninterrupted negotiability of a note that it should be dated, and, therefore, all the parties to a note, intended for circulation, are presumed to consent that the person, to whom such a note is intrusted for the purpose of raising money, may fill up the blank with a date. (Id). And a blank, left for the day of the month, may be filled with any day in that month, there being no fraud, or express direction to the contrary.

Upon the same principle, Wiles, to whom the note was delivered by the makers, had an implied authority, from both makers and indorser, to fill the blank with any day in the month.

But it is claimed by the defendants' counsel, that the implied authority, above stated, is restricted to the first holder of a note, and that it was unlawfully exercised by the plaintiff, to whom the note was transferred in blank by Wiles.

That position cannot be maintained. It is immaterial, to the parties to the note, whether the blank in the date was filled by the first holder or his transferee. The latter acquired all the rights of the former in regard to the paper. Until the blank was filled, each successive holder took the note with authority to fill the blank, according to the implied intent of the parties. The reasoning of Justice BOCKES upon this point, in the court below, is satisfactory and convincing. The case of *English* v. *Brauman* (5 Ark., 377), so far as it holds to the contrary, is not supported by authority.

The judgment should be affirmed.

MORGAN, J., dissented; all the other judges concurring,