## PAGE v. MORREL

December, 1866.

One who makes, or indorses, and delivers negotiable paper, leaving the date blank, authorizes any successive holder who takes it with such blank to fill up the blank; and the holder, by ante-dating it, so that it has less time to run than it would have had if dated as of the day it was made, does not discharge an indorser who delivered it with the blank.

Ira and Orlando Page sued Daniel and Daniel H. Morrel, composing the firm of Morrel & Son, and Benjamin N. Nellis, in the supreme court, on a promissory note, of which D. Morrel & Son were makers, and Nellis the indorser.

The note was made on June 10, 1859, for the sum of fifty dollars, payable thirty days after date. It was dated June, but with a blank where the day of the month is usually stated, thus: "June      , 1859."

In this condition the note was indorsed by the defendant Nellis for the accommodation of the makers, and on the same day, the tenth, the makers transferred it for value to one Wiles. On the fifteenth of the month, Wiles transferred the note to the plaintiffs for value, and they, without the knowledge of any of the other parties thereto, and of course without their express consent, filled the blank in the date with the figure "1," so as to make the date "June 1, 1859."

The indorser having been charged, on non-payment thirty days from June 1, this action was brought; and the only question was, whether the note was valid against the defendants, notwithstanding the insertion of the figure in the date. The judge found the foregoing facts, and held that the note was valid, and gave judgment for the plaintiffs.

The supreme court, on appeal, affirmed the judgment, holding that, although a note without date is valid, a note with a blank date is imperfect, and it is not an alteration for a holder to supply the imperfection.

The part of the opinion of the supreme court (which was

III.—28

rendered by Bockes, J.) referred to in the opinion in this court, was as follows:

"It is insisted that the authority to fill the blank, resting in implication, is limited in the case of the indorser, to the makers, and in the case of the makers, to Wiles, to whom they transferred the note, and was unlawfully exercised by the plaintiff, who received it in blank from Wiles.

"While considering this point, it must be held in mind that there is no evidence that the blank was filled to effect any fraudulent design; and further, that it does not appear but that the blank was filled according to the the intent of the original parties.

"The case of Crutchly v. Clarence, 2 *Maule & Sel.* 90, is in point. Here the question arose under a stamp act which *required* bills to contain the name of a payee. The bill was drawn and accepted in blank as to the payee. In this form or condition it was negotiated by one Vashon, who transferred it to the plaintiff, and the *plaintiff filled the blank.* The action was against the drawer. *Denman,* for the defendant, took the objection that the plaintiff had no right so to do, and claimed the case was distinguishable from those where the bill was filled *by one of the original parties.* Lord Ellenborough answered, that the defendant, by leaving the blank, undertook to be answerable for it when filled up in the shape of a bill. Bayley, J., also remarked, that the issuing the bill in blank was an authority to a *bona fide* holder (that is, the *bona fide* holder of the paper in blank), to insert the name. In this case, like the case at bar, the blank was filled up by the plaintiff, who was the *second transferee* of the bill. The question was considered in Alwood v. Griffin, 2 *Carr. & P.* 370; 12 *Eng. Com. Law,* 622, where Crutchly v. Clarence was cited and approved. The same question was again considered in Schultz v. Astley, 2 *Bing. N. C.* 545; 29 *Eng. Com. Law,* 655, and the point was pressed upon the court that the authority to fill the blank extended only to the party to whom the bill was given; but Tindall, Ch. J., delivering the opinion of the court, said, no authority has been cited to us for any such restriction, nor can we see any in principle; and added, repeating the observations of Lord Mansfield, in Russel v. Langstaff, it does not lay

with the party sending forth the paper in blank to say that the filling up thereof is irregular. In Crutchly *v.* Mann, 5 *Taunt.* 528; 1 *Eng. Com. Law,* 272, the question arose under the stamp act, as in Crutchly *v.* Clarence, and, indeed, on the same bill, one action being against the maker and the other against the acceptor. The bill was drawn by Clarence on Mann, payable to the order of blank, and the *plaintiff,* to whom it had been transferred, inserted his own name as payee.

" It was insisted, that though there might be an authority to the payee himself to insert his name, yet there was no authority for the bearer of the bill to insert his name. HEATH, J., is reported to have held that there was an implied authority to the plaintiff; and the syllabus of the case is, that a bill made payable to the order of ⸺⸺⸺⸺, may be filled up by *any bearer* with his own name who can show that he came regularly to the possession of it. So it is said in *Edwards on Bills and Promissory Notes,* p. 95, that when a blank is left, there is an implied authority to *the holder* to fill up the instrument and make it in fact what it was designed to be. In the Commonwealth Bank *v.* McCord, 4 *Dana,* 191, it was held that when a party intending to enter into an obligation signs the paper in blank, there is an implied authority to *any holder* to fill it up.

" So it was said in the Mechanics' & Farmers' Bank *v.* Schuyler, 7 *Cow.* 337, if the time of payment be left blank, it may be filled at the pleasure of the holder. In *Story on Bills of Ex.* § 222, it is stated thus: Indorsements are sometimes made upon bills containing blanks to be afterwards filled up, and sometimes upon blank paper, which are intended to be filled up so as to make the party an indorser. In all such cases, as against him, the bill is to be treated exactly as if it had been filled up before he indorsed it, and he will be bound accordingly. And it will make no difference in the rights of the holder that he knows the facts, unless, indeed, there should be a known fraud upon the indorser, or a known misappropriation of the bill to other purposes than those which were intended.

" So, in Mitchell *v.* Culver, the plaintiff knew the fact that a date other than the true one was inserted. SUTHERLAND, J., remarked: ' I do not perceive that this can vary the case.'

Why not ? Simply because of the legal implication that the blank was filled according to the intention of the parties.

" The blank must be filled, of course, according to the intent of the parties who execute in blank, otherwise no recovery can be had on such note except by a *bona fide* holder.

" In this case the intent is clear from the face of the paper. The makers and indorser, by executing and delivering the note in blank as to the day of the month, perfect in other respects, intended it and sent it forth to be used as a note which could .be made to bear date on any day during the month and year specified. Wiles received it and held it under such intention, and with authority to fill the blank as it was in fact filled. He transferred it to the plaintiff with all the rights he possessed in regard to it. Thus it became just such an instrument, when perfected, as the parties to it intended—a note bearing date on a day in the month of June, 1859.

" If a note be made in blank, and be delivered with instructions as to the manner in which the blank is to be filled, those instructions must be followed, or it will be void except in the hands of a *bona fide* holder. In his hands, however, it would be good; although the filling of the blank should be in direct violation of the agreement of the parties. But if delivered without any agreement or directions, the note carries with it an implied authority to every holder to whom it may come, in the due course of business, to fill the blank according to the intent of the original parties to it. In the case of a note like this one, the year and the month being given, leaving the day of the month only blank, the authority is not entirely unrestricted. It is to be exercised by inserting a date of that month. It would be an alteration of the instrument to insert a different month or year.

" The conclusion is irresistible that the authority to fill the blank in this case was not a confidence committed to a particular person to the exclusion of all others, but extended to every holder in the due course of business until exercised. Until perfected, there was an authority which passed with the instrument to every transferee to make it perfect, not by inserting a date other than that contemplated by the parties who sent forth the note in blank. But as we have seen, it is a legal

inference in this case that they intended to be bound by the note, according to its terms, when presented, bearing date on any day in June, 1859.

" The judgment should be affirmed."

The defendant appealed.

*D. S. Morrel*, attorney for defendant, appellant;—Cited *Smith Leading Cases*, 209, 709, and cases there cited; *Edwards on Bills*, 150, 151; 5 *Ark.* 377; *Chitty on Bills*, 186, 187 Bruce *v.* Westcott, 3 *Barb.* 374, 376, 378; 18 *Johns.* 391; Crutchley *v.* Clarence, 2 *Maule & Sel.* 90 ; Crutchley *v.* Mann, 5 *Taunt.* 529; Alwood *v.* Griffin, 2 *Car. & Payne*, 368; Boyd *v.* Brotherson, 10 *Wend.* 93 ; Mitchell *v.* Culver, 7 *Cow.* 337; Mechanics' & Farmers' Bank *v.* Schuyler, note, *Id.;* Inglish *v.* Bruneman, 5 *Pike (Ark.)* 377; 1 *U. S. Dig. Supp.* 97, § 41; Van Duser *v.* Howe, 21 *N. Y.* 531, 538; Smith *v.* Mingay, 1 *Maule & Sel.* 87; Putnam *v.* Sullivan, 4 *Mass.* 45 ; Violet *v.* Patten, 5 *Cranch*, 142 ; Chappell *v.* Spencer, 23 *Barb.* 584, 590.*

*James H. Cook*, attorney for plaintiff, respondent;—Cited *Edwards on Bills and Promissory Notes*, 150; Mitchell *v.* Culver, 7 *Cow.* 336; Crutchley *v.* Clarence, 2 *Maule & Sel.* 90.

By the Court.—James C. Smith, J.—The only question in this case is, whether, as between these parties, the note is rendered invalid, in consequence of its having been antedated by the plaintiffs after the transfer to them, so that it had ten days less to run than it would have had if it had been dated as of the day when it was indorsed and negotiated to Wiles.

There can be no doubt that, if the same day of the month had been inserted by the makers when they negotiated the note to Wiles, without the knowledge of the indorser, the note would not thereby have been rendered invalid, as against the indorser; and so if the day had been inserted by Wiles, with the express direction or consent of the maker. In such case, the note, when indorsed, being perfect in every respect but the date, and that having been left blank, the makers would have had an implied authority from the indorser, to insert any day of the month they might think proper. Mitchell *v.* Culver, 7

---

* Reasserted in 46 *Barb.* 379.

Page *v.* Morrel.

*Cow.* 336; Mechanics' and Farmers' Bank *v.* Schuyler, *Id.* 337, note. Such authority results from the general rule, that an indorsement on a blank note, without sum, or date, or time of payment, will bind the indorser, for any sum, payable at any time, which the person, to whom the indorser intrusts it, chooses to insert. The date of a note is no exception to this rule, although it is not essential to the validity of a note that the date be expressed; for, where a note has no date, the time, if necessary, may be inquired into, and will be computed from the day it was issued. But it is essential to the free and uninterrupted negotiability of a note that it should be dated, and, therefore, all the parties to a note, intended for circulation, are presumed to consent that a person, to whom such a note is intrusted for the purpose of raising money, may fill up the blank with a date. *Ib.* And a blank, left for the day of the month, may be filled with any day in that month, there being no fraud, or express direction to the contrary.

Upon the same principle, Wiles, to whom the note was delivered by the makers, had an implied authority, from both makers and indorser, to fill the blank with any day in the month.

But it is claimed by the defendants' counsel, that the implied authority, above stated, is restricted to the first holder of a note, and that it was unlawfully exercised by the plaintiff, to whom the note was transferred in blank by Wiles.

That position cannot be maintained. It is immaterial, to the parties to the note, whether the blank in the date was filled by the first holder or his transferee. The latter acquired all the rights of the former in regard to the paper. Until the blank was filled, each successive holder took the note with authority to fill the blank, according to the implied intent of the parties. The reasoning of Justice BOCKES upon this point, in the court below, is satisfactory and convincing. The case of Inglish *v.* Bruneman, 5 *Ark.* 377, so far as it holds to the contrary, is not supported by authority.

The judgment should be affirmed.

All the judges concurred, except MORGAN, J., who dissented.

Judgment affirmed, with costs.