McDONALD v. THE MUSCATINE NATIONAL BANK.

1. Promissory note: FILLING OF BLANK: FORGERY AND FRAUD. The maker of a promissory note obtained under circumstances which would, as between him and the payee, render the latter guilty of forgery, or fraud, may, nevertheless, be liable on the note to a *bona fide* holder to whom it has been negotiated before due.

2. —— RULE APPLIED. Where a person intrusted by another with a paper signed in blank, to be filled up as an order, disregards the instruction, and fills it up as a negotiable promissory note, the maker is liable thereon to a *bona fide* holder thereof to whom it has been negotiated.

*Appeal from Muscatine District Court.*

TUESDAY, JUNE 22.

THIS suit was brought before a justice of the peace, where a trial to a jury was had, and verdict and judg-

ment rendered for plaintiff for seventy-five dollars and sixty-one cents. The defendant appealed to the District Court, where the cause was again tried to a jury and resulted in a verdict and judgment of eighty dollars. The defendant appeals to this court.

The facts, as disclosed by the evidence, are substantially as follows: The plaintiff purchased of one T. Henly a sorghum evaporator, said to be the invention of one Vanservens, together with the right to use and vend them within a limited territory; and, as plaintiff alleges and testifies, said payee, under the pretense of getting from plaintiff an order in writing for the machine, procured his signature to a printed form or blank on a half sheet of paper, which the said payee fraudulently filled so as to make the same a promissory note for seventy-five dollars, payable to said T. Henly or bearer, one month after date. That was the amount plaintiff was to pay, and the time fixed for payment by plaintiff for the property, which was also to be delivered within that time, but was, in fact, never delivered.

A witness who was present at the time of the trade testifies that there were three papers executed between the parties, to wit: a deed of the territory for right to sell the evaporators, signed by Henly, and also a guarantee to deliver a machine within a specified time, signed by Henly, and the note for seventy-five dollars, signed by plaintiff; that all these papers were separate, and plaintiff read the note over two or three times before he signed it.

The note was sold and delivered by Henly to a third person, and by him, prior to its maturity, sold and delivered to defendant for a valuable consideration, without notice of any defect.

The plaintiff was duly notified that the defendant was the owner of the note, and payment thereof was demanded at maturity and refused. Afterward the plaintiff sold

some pork and received in payment thereof the purchaser's check upon the defendant. Upon the presentation of the check by the plaintiff, the defendant, by its cashier, paid the same, by delivering to plaintiff his note given for the evaporator, and the balance in money. The plaintiff then said the note was a forgery, but took the same and the money, and left the bank. Shortly thereafter this suit was brought. No offer was made to return the note. The plaintiff still has it.

*Jacob Butler* and *Thomas Hanna* for the appellant.

*Cloud & Bromhall* for the appellee.

COLE, J. — This case is in some respects like the case of *Lane* v. *Krekle*, 22 Iowa, 399. It has its origin in a
1. PROMISSORY contract for the sale of the same pretended
NOTE: filing of patent, and possibly by the same agent, who
blank: forgery manifests his claim to genuis by adopting his
and fraud. mode of operation to the peculiar fancy or gullibility of each successive customer. The counsel for the appellee claim in their printed argument, that there is this difference in the two cases. Krekle admitted the giving of the note, but sought to defend on the ground of fraud; while this plaintiff denies the making of the note, and shows that it is a forgery, and the absence of such default on his part as would make him liable to third persons.

If it should be admitted that this note was obtained by Henly, of the plaintiff, under such circumstances as would make him guilty of forgery; yet it does not necessarily follow that the plaintiff would not be liable on the note to a *bona fide* indorsee or holder for value. Mr. Parsons says, that filling up a blank by a clerk, in which his employer had directed him to write a specific sum, with a larger sum, is a forgery, though it might bind the master

to pay a *bona fide* indorsee for value. And this example may serve in general for blanks wrongfully filled out. 2 Pars. on N. and B. 584; Byles on Bills, 262.

But it seems to us that the circumstances under which this note was procured amount to a fraud, and although, according to plaintiff's testimony, it was a gross fraud, yet it will not exempt the maker from liability to a *bona fide* holder of the note who has paid value therefor before maturity. This conclusion is based upon the fact, as shown by plaintiff's own evidence, that the signature of the plaintiff was placed to the blank instrument, and it was delivered and *intrusted* by him to the payee, Henly, *for some purpose.* In such case the rule may well be applied, that, where one of two innocent persons must suffer by the wrongful act of a third, he must suffer who placed it in the power of such third person to do the wrong. I Pars. on N. and B. 114, and notes to 110 ; *Fullerton* v. *Sturges*, 4 Ohio St. 529.

The plaintiff, as he testifies in effect, signed the instrument to be filled up as an order for an evaporator, and intrusted it to Henly for that purpose ; Henly fraudulently filled up the instrument as a promissory note, and it came to the hands of an innocent holder for value. Either the innocent holder or plaintiff must lose the amount ; and since the plaintiff placed it in the power of Henly to do the wrong, he must suffer the loss.

The case would be very different if Henly had found the signature of plaintiff on a paper, and written the note over it ; or if he had procured it otherwise, and without its being intrusted to him for any purpose. *Nance* v. *Lary*, 5 Ala. 370. The District Court erred in overruling the motion to set aside the verdict and grant a new trial.

Reversed.