McAdam, C. J.
It is settled law that when a person signs a note in blank, he impliedly confers upon the person to whom it is entrusted authority to fill up the usual and ordinary blanks, such as date, name of payee, amount and time of payment. Page v. Morrell, 3 Keyes, 117; Vanduzer v. Howe, 21 N. Y., 531; Redlich v. Doll, 54 id., 234; McGrath v. Clark, 56 id., 34; Weyerhauser v. Dun, 100 id., 150; Kitchen v. Place, 41 Barb, 465; Hardy v. Norton, 66 id., 527; Angle v. N. W. M. L. Ins. Co., 92 U. S., 339; Mustin v. Garthe, Daily Register, Nov. 25, 1885. The court, in Page v. Morrell (supra), holds that it is immaterial to the parties to the note whether the blanks are filled in by the first holder or his transferee, as the latter acquired all the rights of the former in regard to the paper. That until the blanks are filled, each successive holder takes the note with authority to fill the blanks according to the implied intent of the parties. The reason of the rule, and the ground of liability, is so fully explained and illustrated in the cases cited as to render any further discussion of the subject needless. The note having found its way into the hands of an innocent holder, it is immaterial whether the defendant’s express authority as to the filling in of the blanks was followed or not, for the defendant, by leaving the blanks unfilled, undertook to be answerable for the note when it was filled up in the shape of a binding obligation. See cases cited in Hardy v. Norton, 66 Barb, at p. 533. In short, the sending into the world of printed notes, with the blanks unfilled, seems to be regarded as a letter of credit for an indefinite sum, and it will not do to allow a person who does this to escape the consequences of his act to the prejudice of the public. See cases cited in 21 N. Y. (supra), at p. 535. The cases draw distinctions which may on first impression seem close and refined, but upon examination they will appear to be well supported by reason and principle. In the first place they distinguish between an altered note, that is, one changed after it has once been legally drawn up and delivered, for an unauthorized material alteration in a completed instrument vitiates it entirely (56 N. Y., 22, 34; 69 id., 597; 100 id., 150; 15 Hun, 405; 17 id., 5; 23 id., 185), and one signed in blank, which carries with it the implied power of filling up the blanks with appropriate words and figures. The present case falls within the rule governing the class of obligations last mentioned. In the next place, the law distinguishes between a case where the defendant actually issues a blank note with the intention that it shall be used as a binding obligation, and-one where a signature is put on a blank piece of paper without any such intention in view. In the present case, Berger delivered the blank notes to Berman for the purpose *392 of securing him from liability on his endorsements on the Bates, Reed and Cooley notes. It was in a practical sense an unnecessary precaution on the part of Berman, for the defendant would have been liable to him on the notes given to Bates, Reed and Cooley, in case Berman had been obliged to pay them. But the peculiarity of the transaction does not alter the fact that Berman received the note for a business purpose, a circumstance which authorized him to fill up the blanks on the happening of a certain contingency, and to use the notes so filled up as valid obligations. This circumstance, in view of the distinction noted, is material, for, as a rule, a man cannot be entrapped into a contract against his wish, for the very nature of a contract obligation implies his consent, which means an act of his own intelligent free will. Whitney v. Snyder, 2 Lans., 477.
If, therefore, a party writes his name on blank paper, as for instance, on the fly leaf of a book, or in an album, and a- note be written over the signature, the party will not be liable (Caulkins v. Whisler, 29 Iowa, 495; Nance v. Lary, 5 Ala., 370), nor will he be bound if he writes his name on a blank piece of paper, and it is taken from his table by another who causes a note to be written over it, and puts it in circulation (Nance v. Lary, supra), for in these cases the party never intended to make a note or enter into any obligation, and the law cannot create one for him. But the case of a person who signs his name to a printed blank note, intending that it shall become a contract obligation, is properly placed upon a different footing, for the person subscribing his name intended that the blank should be filled up that it might become a negotiable instrument, and the delivery of such a document carries with it the power to fill up the blanks with appropriate words and figures, and if it is put in circulation in a form different from what he intended, it is his misfortune. Douglass v. Matting, 29 Iowa. 498; McDonald v. Muscatine Nat. Bank, 27 id., 319; Leach v. Nichol, 55 Ill., 273. If the blanks are filled up contrary to his directions, the parties perpretrating the fraud may be guilty of forgery, yet not in the sense that exonerates the maker, who is liable on the instrument in the hands of a bona fide holder.
The case is likened to that of a party who receives a note for a specific purpose, and diverts it from its proper use. The person diverting it may be guilty of a fraud upon the maker, for which he may be civilly or criminally punished, but the fraudulent act does not invalidate the title of an innocent holder for value before maturity and without notice. The defendant’s real grievance consists in this, that he gave the note to Berman for one purpose, and it was used for another. Whether the form the transaction *393 ultimately assumed be termed a fraud upon the defendant or a diversion of the note from the object intended, the result is the same, as in either case the plaintiff’s right or title as a bona fide holder is not affected. Story on Prom. Notes, § 191; Redlich v. Doll, 54 N. Y., 234; S. C., 13 Am. R, 573.
The fact remains that the defendant’s over-confidence and neglect furnished the means through which the plaintiff v as induced to part with value on the faith of what he had the right to assume was a valid obligation of the defendant, and the latter cannot visit the consequences of his folly upon the plaintiff, for it is an elementary principle of law that when one of two innocent persons must suffer from the fraud of a third, he who gave the original credit and furnished the means by and through which the fraud was accomplished must bear the loss. See Daniels onNeg. Inst., § 1405.
Upon the cáse as proved, the defendant became liable us maker to the plaintiff as a bona fide holder of the note in suit, the verdict was properly directed against him, and the motion for q new trial must be denied.