## CAULKINS v. WHISLER.

**Promissory note:** FORGERY; INNOCENT HOLDER. Where a person writes his name on a blank piece of paper, to be used for the purpose of identifying his signature, and the person to whom given, without the knowledge of the other, writes over such signature a promissory note, which is negotiated before maturity to an innocent holder, it will be held that the instrument is a forgery, and the holder not entitled to recover.

*Appeal from Jefferson Circuit Court.*

WEDNESDAY, AUGUST 31.

ACTION upon a promissory note; defense that the instrument is a forgery. The cause was submitted to the court without a jury. The court found the following facts : Defendant entered into a contract with one Smith to sell for him, as his agent, grain seeders. At Smith's request, defendant signed his name upon a blank piece of paper, which Smith was to send to the manufacturers of the seeders, that they might know defendant's signature upon orders which he should make upon them for the machines. The signature was made for no other purpose. The instrument in suit was printed over the signature of defendant, so obtained without his knowledge and consent, and the stamp in the same manner attached and canceled. The plaintiff purchased the note before maturity, for a valid consideration, and without knowledge of any matter connected with its execution. Upon these findings, the court held, that the note is a forgery and void, and that plaintiff is not entitled to recover thereon. Plaintiff appeals.

*McCoid & Herron* for the appellant.

*D. P. Stubbs* for the appellee.

BECK, J.—A holder of negotiable paper, acquired before dishonor, is not protected against defenses that make void the instrument. He can have no claim upon forged paper against the person whose name is falsely affixed thereto as the maker, and who is without fault as to the forgery and the taking of the paper by the holder. 1 Parsons' Bills and Notes, 75, and authorities cited.

Is the note sued upon a forged instrument? "The making or alteration of any writing with fraudulent intent, whereby another may be prejudiced, is forgery." *State* v· *Wooderd*, 20 Iowa, 542 ; Rev. § 4253. In order to constitute the offense of forgery it is not necessary that the *signature* of the instrument be false. The instrument may be altered so that it is not the instrument signed by the maker, and, if this be fraudulently and falsely done, it is forgery. So if words be added to change its effect, with like intent, it is a forgery. In the case before us the instrument was falsely and fraudulently made over the genuine signature of defendant, which was not obtained for the purpose of binding defendant by any contract. It is evident that this differs, in no respect, from the cases mentioned, and that the note is a forgery and void. See 2 Parsons' Bills and Notes, 584.

The case differs materially in its facts from the cases cited in support of plaintiff's right to recover. In those cases blanks were filled up contrary to the direction of the maker, or without his authority. But in all of such cases the makers intended to execute an instrument that should be binding upon them. Blanks were filled up contrary to the authority given by the makers, or in some other way the instruments were made so that they did not correspond with the intention of the makers ; but in all such cases there were *makers* and *instruments*, and through the frauds of those to whom the instruments were intrusted they were thus made to be of different effect

Caulkins v. Whisler.

than was designed by the makers. In these cases it is correctly held, that while the parties perpetrating the fraud in some cases may have been guilty of forgery, yet the makers were bound upon the instruments, as against holders in good faith and for value. The reason is obvious. The maker ought rather to suffer, on account of the fraudulent act of one to whom he intrusts his paper, or who is made his agent in respect of it, than an innocent party. The law esteems him in fault, in thus putting it in the power of another to perpetrate the fraud, and requires him to bear the loss consequent upon his negligence. In the case under consideration no fault can be imputed to the defendant. He did not intrust his signature to the possession of the forger for the purpose of binding himself by a contract. He conferred no power upon the party who committed the crime to use it for any such purpose. He was not guilty of negligence in thus giving it, for it is not unusual, in order to identify signatures, and for other purposes, for men thus to make their autographs. The defendant cannot be regarded as being so far in fault in the transaction that he ought to be required to bear the loss resulting from the crime.

In our opinion the decision of the circuit court is in accord with the law, and is therefore

Affirmed.