FAYETTE COUNTY SAVINGS BANK v. STEFFES.

1. **Promissory Note:** FRAUD: INNOCENT HOLDER. One who executes a negotiable promissory note, knowing it to be such, cannot set up the fraud of the payee as a defense to the note in the hands of an innocent indorsee for value before maturity, without showing that he was free from negligence in its execution.

*Appeal from Winneshiek Circuit Court.*

TUESDAY, JUNE 22.

ACTION upon a negotiable promissory note executed by the defendant for $195, made payable to the order of P. Hobler, and by him indorsed to the plaintiff for value before maturity.

The defendant sets up for defense that he was induced to execute the note by fraud. He avers that he became indebted to Hobler for a lightning rod, in the sum of $65, and agreed to give him his note therefor; that he was not able to read English; that the note in suit was drawn by Hobler under the pretense that the same was drawn for only $65; that the same was read over to him by Hobler, as drawn for that amount, and he signed it in the belief that it was drawn as read.

There was a trial by jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*L. Bullis*, for appellant.

*Willett & Willett*, for appellee.

ADAMS, CH. J.—The evidence is not set out. The jury made several special findings which are set out, and the defendant claims that upon those findings the general verdict should have been in his favor. The special findings are, in substance, that the defendant could not read the note, and that there was no per-

son within two miles who could read it to him in his language; that he intended to give a note for $65; that it was read to him by Hobler as drawn for that amount, and defendant relied upon such reading, and supposed that it was read correctly. The jury further found that the note was purchased by plaintiff for value before maturity, and without notice of any fraud.

As to whether the defendant was negligent or not in executing the note, under the circumstances disclosed in the evidence, the jury made no finding whatever. That it was incumbent upon him to show that he was free from negligence we think there is no doubt. It is not certain, indeed, that he could be allowed to set up the fraud as against the plaintiff, even by showing that he was free from negligence. It should be borne in mind that this case differs from a case where a person is induced by fraud to sign a negotiable note when he supposed he was executing an instrument of a different character. The defendant in this case intended to execute a negotiable note. In *Whiting v. Snyder*, 2 Lansing (N. Y.), 477, the court say that where a person intends to execute a negotiable note, "he is bound to know that he is furnishing the means whereby third parties may be deceived, and innocently led to part with their property upon the strength of his signature, in ignorance of the true state of facts." A sharp distinction is made between such a case and one where the maker supposed that he was executing an instrument not a note. A different doctrine seems to have been held in *Griffiths v. Kellogg*, 39 Wis., 290. The defendant relies upon this case. Whether a person who intends to execute a negotiable note is absolutely precluded from setting up fraud as a defense to it, against an innocent indorsee for value before maturity, we do not feel called upon to determine. It appears to us certain that he should be precluded from setting up fraud in such a case unless he could show himself free from negligence. In this case it was not only not so found, but the evidence is not set out. The answer

shows that the payee, who drew the note, and upon whose reading alone the defendant relied for knowledge of its contents, was a lightning rod man. If he was an entire stranger, as may have appeared from the evidence, the jury might have believed that the defendant did not exercise proper care.

For the purpose of sustaining the verdict, and the ruling of the court thereon, we are bound to exercise every reasonable presumption in their favor. The record discloses no error, and the judgment must be

AFFIRMED.