<hr/>

## SCOFIELD v. FORD.

1. **Promissory Note:** MATERIAL ALTERATION: SEVERANCE OF CONTRACT. Where a contract all written upon one paper is severed, leaving one portion in the form of a negotiable promissory note, signed by one of the parties, such severance constitutes a material alteration of the contract, and no recovery can be had on the note, even in the hands of a *bona fide* purchaser for value before maturity, unless the maker is chargeable with gross negligence in its execution.

*Appeal from Washington Circuit Court.*

THURSDAY, JUNE 16.

ACTION upon a promissory note made payable to M. Woodward or bearer and transferred to the plaintiff. The defendant admits the signature, but avers that he was induced to execute the note by fraud; that he undertook to sell seeders and cultivators as agent of Woodward, that he signed a paper as a contract setting forth the terms of the agency; that he had no intention of signing a promissory note, but that the paper signed contained words in the lower right hand corner which taken by themselves constitute the note in question; that after his signature was obtained, the part containing these words was cut off with his signature attached thereto.

There was a trial by jury, and the court gave two instructions which are in these words:

"1.   The defendant has admitted that the signature to the note is genuine, and it is also admitted by the plaintiff that the note was procured from the defendant by fraud. This being true the burden of proof rests upon the plaintiff to satisfy you by a preponderance of the evidence that he gave value for it, and that he is a *bona fide* purchaser before the maturity of the note.

"2.   But if you find from the evidence that at the time the note in question was signed it formed a part of a contract printed and written upon a large piece of paper, and that such contract when signed contained no promise to pay money except upon certain conditions, that after such signing and without the knowledge or consent of the defendant the paper now in suit was cut out of the lower right hand corner of the contract in such a manner as to leave the paper so cut out in the form of a negotiable promissory note, as it now appears, the plaintiff cannot recover even if he is a *bona fide* purchaser for value before maturity, and in case you so find your verdict will be for the defendant."

There was a verdict for the defendant, and judgment was rendered thereon.   The plaintiff appeals.

*H. W. Scofield*, for appellant.

*Dewey & Templin*, for appellee.

ADAMS, CH. J.   This court has held that where a negotiable promissory note passes into the hands of a *bona fide* holder for value before maturity the maker cannot escape liability upon the ground that he was induced to execute the note by fraud, even though he was not intending to execute a promissory note, but a contract of a different character.   *Douglass v. Matting*, 29 Iowa, 498.   That case is relied upon by the plaintiff.   But the case at bar differs from that case in this,

1. PROMISSORY note : material alteration : severance of contract.

that the instrument signed was altered by cutting off a part of it. It is true, what now constitutes the instrument sued on contains the same words and figures that it did before it was signed, but the claim of the defendant is that the instrument as a whole, embracing what now constitutes the instrument sued on, had a different meaning, and contained no promise to pay money except upon certain conditions.

Cases have not unfrequently arisen where a paper was executed which was by itself a negotiable promissory note, but with which a memorandum or contract was connected which qualified the terms of the note. Afterwards, the memorandum or contract having been cut off and the note transferred to a *bona fide* holder for value before maturity, the question has arisen as to whether the maker could be held. In Daniel on Negotiable Instruments, 2 Vol., 366, it is said: "If the memorandum were so written upon the margin of the instrument that it could be readily separated without giving it a mutilated appearance, a *bona fide* holder taking it without notice we should consider unaffected by its being so severed and destroyed. See also *Zimmerman v. Rote*, 75 Pa. St., 198, and *Brown v. Reed*, 79 Id., 370.

In *Wait v. Pomeroy*, 20 Mich., 425, a negotiable promissory note was given by the maker for a machine, and below the note a memorandum was written in these words: "If the machine should not be delivered this note not to be paid." The machine was not delivered, but the memorandum was cut off and the note transferred to an innocent purchaser for value before maturity. The court held that a recovery could not be had. It was considered that the memorandum formed a part of the contract, and after it was severed the remainder was no more the contract of the maker than if the very words of the note had been materially changed.

The true rule, stated in a general way, we think, is that where a negotiable note is materially altered it is not valid even in the hands of an innocent purchaser for value before maturity; and that where there is a memorandum or con-

tract written upon the same paper qualifying the terms of the note, and such memorandum or contract is severed, the note is thereby materially altered.

While this is so, we are not prepared to say that under some circumstances the note thus altered by the severance of written qualifying provisions should not be deemed valid. If the maker were guilty of gross carelessness it may be that he ought to be precluded from setting up the invalidity of the note as against a *bona fide* holder for value. This point we do not determine. If a liability in such a case could be declared the general rule would still hold, that a contract cannot be enforced against a person who is not properly a party to it. Where, therefore, an action is brought to enforce a contract against such person we think it incumbent upon the plaintiff to show facts which would take the case out of the general rule. This we think the plaintiff has failed to do. The abstract contains no evidence whatever. There was the fact, to be sure, disclosed by the defendant's answer, that the defendant attached his signature to a paper which contained words and figures constituting a negotiable note, and while the terms of the note were qualified by a contract connected with it upon the same paper, yet that contract was capable of severance. The plaintiff relies upon this fact as showing carelessness. But in our opinion it does not necessarily have that effect. We can conceive that the paper might have presented such an appearance, or that the defendant's signature might have been obtained in such a way, that the mere fact of signing the paper could not be declared to be carelessness.

It is possible that the note and severed contract, or one of them, was introduced in evidence, but the abstract does not so show. The genuineness of the defendant's signature was admitted, which rendered it unnecessary to introduce the note in evidence for any purpose except to show its appearance.

The note is shown to us, and in connection with the note a stipulation is filed to the effect that we may regard the note

as evidence. Possibly it may be thought that the stipulation would justify us in presuming that the note was introduced below, but we could not entertain such presumption if it should require a reversal, because there is a presumption in favor of the court's ruling, and that presumption is as binding upon us as any other. No evidence of carelessness having been introduced below it appears to us that instruction No. 2, above set out, must be held to be correct.

The case comes within the general rule above enunciated. A very similar case is *Benedict v. Cowden*, 49 N. Y., 396, which was decided upon a full citation of authorities to which we desire to make reference. See, also, as having some bearing, *Kellogg v. Steiner*, 29 Wis., 627, and *Knoxville National Bank v. Clark*, 51 Iowa, 264. We see no error, and the judgment is

AFFIRMED.