D. N. SMITH, Appellee, v. C. A. EALS *et al.*, Appellants.

1. **Bill of Exchange:** REPLEVIN : WRIT SERVED BY CONSTABLE. A writ of replevin issued out of the district court may be served by a constable.

2. —— : EVIDENCE : APPEAL. Questions pertaining to issues upon which no evidence was introduced in the trial court will not be considered in the supreme court.

3. —— : ALTERATION : INNOCENT PURCHASER : EVIDENCE. The presumption that the holder of a bill of exchange, acquired before maturity, is a purchaser for value, and without notice of defenses, will be rebutted by affirmative proof of a material alteration thereof since its acceptance by the drawee, and will put upon the holder the burden of showing that he purchased the same in good faith, and without notice of the alteration.

4. —— : INVALIDITY : REPLEVIN. The acceptor of a bill of exchange, that has become void in the hands of the holder thereof, may maintain replevin for the possession of the same.

*Appeal from Taylor District Court.*—HON. R. C. HENRY, Judge.

TUESDAY, OCTOBER 21, 1890.

THIS is an action of replevin to recover the possession of two accepted drafts. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendants appeal.

*Flick & Thomas*, for appellants.

*Crum & Haddock* and *J. E. Huston*, for appellee.

ROTHROCK, C. J.—I. The drafts in question were drawn by Hall & Co., by Thomas E. Hall, upon the

1. **BILL of exchange: replevin: writ served by constable.**

plaintiff, and payable to the order of Thomas E. Hall, and accepted by the plaintiff at the time they were drawn. Both instruments were dated January 8, 1889, and one was payable September 1, 1889, and the other

December 1, 1889. After the instruments became due, they were sent by H. D. Booge & Co., of Topeka, Kansas, to the defendant Eals, a banker at Clearfield, Iowa, and the plaintiff commenced this action, and replevied the acceptances upon the general ground stated in the petition, that he was the owner, and entitled to the possession of them. The defendant Eals answered, disclaiming any interest in the subject of the action. Booge & Co. answered, claiming that the plaintiff, by fraud and misrepresentation, induced Booge & Co. to send the acceptances to this state for the purpose of instituting this action; and that the jurisdiction of the cause was, therefore, obtained by fraud. They further set forth that they were "purchasers for value of the instruments in suit before maturity." The plaintiff by reply denied that he was in any way instrumental in causing the notes to be sent to this state; and he further replied as follows: "The plaintiff further states that said instruments, now purporting to be accepted time drafts, are forgeries, and are not the instruments as executed, and have been added to and materially changed since execution."

It appears from the return on the writ of replevin that it was served by a constable. The defendants by motion demanded an order for the return of the notes to them, because the writ was not served by the sheriff. The motion was overruled. We do not discover any error in this ruling. The writ had been properly served, and it does not appear to us to be a material question whether it was served by a sheriff or by a constable.

II. The question as to the alleged fraudulent acts of the plaintiff in procuring the instruments to be sent

2. ——: evidence: appeal.

into this state ought not to be considered as in the case. There was no evidence to sustain that averment f the answer, and the court could have very properly directed the jury to find for the plaintiff on that issue. We do not determine whether this averment of the answer would be any defense to the action if proved.

III.   It appears without conflict in the evidence
that the body of the drafts was in this form :    *   *   *

3. ——: altera-    "Pay to the order of Thos. E. Hall four
tion: innocent   hundred dollars, with exchange ——, value
purchaser:
evidence.        received, and charge to the account of."
The words before and after the blank were printed,
and the instruments were complete and perfect in form
and meaning, without words being filled in the blank.
But the blank was filled with the words following :
"and ten-per-cent. interest after date, if not paid when
due."   There was not space to write these words in the
blank, and part of them are interlined.   The evidence
shows beyond all question that these words were added
to and written in the instruments after they were
accepted by the plaintiff, and without his knowledge or
consent.   There is no question but what this was a
material alteration of the acceptances, and rendered
them void as between the plaintiff and Hall.   The only
real question in the case is whether, under the evidence,
Booge & Co. are entitled to recover on the acceptances.
There is no evidence showing when or by whom the
instruments were altered.   They were indorsed by Hall
in blank.   The presumption is that they were purchased
by Booge & Co. for value, and without notice of any
defense that might be interposed thereto.   But, when it
was shown that they had been materially altered, this
presumption was rebutted, and it was incumbent on
Booge & Co. to show that they purchased them in good
faith, and without notice of the forgery.   *Robinson v.
Reed*, 46 Iowa, 219 ; *Scofield v. Ford*, 56 Iowa, 370 ;
1 Daniel, Neg. Inst., sec. 815 ; 2 Pars. Notes & B. 576,
and authorities cited.   We do not determine that the
drafts are absolutely void in the hands of Booge & Co.,
because it is unnecessary to determine that question in
this case.   No attempt was made by Booge & Co. to
prove that they were *bona fide* holders of the instru-
ments.

IV.   It is claimed by counsel for appellants that
replevin is not the proper remedy for the plaintiff.   If

**4. ——: inva-lidity: re-plevin.** the instruments are void by reason of the forgery it is the plaintiff's right to recover possession of them. *Savery v. Hays*, 20 Iowa, 25 ; *Sigler v. Hidy*, 56 Iowa, 504.

We have thus disposed of all the questions in the case without a review of the charge of the court to the jury. There is really no conflict in the evidence The cause turns upon the law applicable to undisputed facts, and it is not necessary to discuss questions raised as to the correctness of the instructions. The judgment of the district court will be AFFIRMED. '