First National Bank of Grand Haven, Appellant,
v. L. R. Hall, Appellee.

Promissory Notes: ALTERATION BY PAYEE: VALIDITY. Where a promissory note be made by filling printed blanks prepared for that purpose, and the blank designed for the insertion of the rate of interest was by agreement left without any rate being inserted, and the blank filled by a line or dash, and after delivery of the notes the line or dash was erased, and the figure "8" inserted in its stead, *held*, the alteration was sufficient to render the notes invalid.

*Appeal from Webster* District Court.—Hon. S. M. Weaver, Judge.

Friday, October 23, 1891.

Action upon two promissory notes executed to Cole, Grant & Co., indorsed in blank by the payee, and transferred by delivery to the plaintiff bank. The defenses pleaded are: *First*. Fraud at their inception; and, *second*, their alteration since their execution, by inserting in each of them a rate of interest at eight per cent. The jury returned its general verdict for the defendant, with the following special findings: "*First*. Do you find that the notes in suit have been altered or changed as claimed by defendant? *A*. Yes.

"*Second*. Were the notes obtained from the defendant by fraud, and without consideration, as alleged by him? *A*. Yes.

"*Third*. Did plaintiff have any knowledge or notice of such fraud in the procurement of the notes at the time it purchased them? *A*. Unable to agree."

Upon the verdict judgment was entered for the defendant, from which the plaintiff appeals.—*Affirmed.*

*Martin & Wambach,* for appellant.

*Botsford, Healy & Healy,* for appellee.

GRANGER, J.—Assignments of error are based on the action of the court as to both defenses. The court instructed the jury that if it found for the defendant that the notes had been materially changed or altered it need not consider the defense as to fraud. By the first special finding it appears the jury did so find; and, hence, if there is no reversible error as to that branch of the case, we need not consider assignments as to the other, because for errors therein we could not reverse.

The notes in suit were made by filling blanks prepared for that purpose, and the allegations of the answer, supported by the testimony of the plaintiff, are to the effect that the blank in the notes designed for the rate of interest was left by agreement without any rate being inserted, and the blank filled by a line or dash, and that said line has in each note been erased and the figure "8" inserted, so that by the present terms of the notes they bear interest at eight per cent. There is no dispute but that the alteration, if made, is material, and would, under the general rule as to alterations of written instruments, avoid the notes. But it is urged by the appellant that it was negligence for the defendant to sign and deliver the notes with the blank for the rate of interest unfilled, and that, as to the dash or line in the blank space, it does not appear that it was made with ink, or entirely filled; and it is claimed that the holder of a note with blanks thus left has a right to fill them, and the rule is invoked that, as between a person thus placing a note in the hands of another and innocent third party, the party to whom the note is intrusted will be deemed the agent of the party making the instrument to fill such blanks, and some authorities are cited; but we think the legal

phase of the case in these particulars has been considered and determined in *Knoxville Nat. Bank v. Clark*, 51 Iowa, 273, and that a further discussion of the questions is not required. As to the fact of the alteration the evidence is so ·conflicting that we cannot interfere. Although the notes do not on their face indicate to us that they have been altered, with the positive testimony of the plaintiff of the agreement as to interest, and the fact of how the notes were when signed, there is a conflict, which it is not our province to settle. AFFIRMED.