C. M. CONGER, Appellee, v. GEO. W. CRABTREE, Appellant.

Promissory Note: DELIVERY WITH UNFILLED BLANKS: ALTERATION: NEGLIGENCE: BURDEN OF PROOF. The mere delivery of a negotiable promissory note, with interest blanks unfilled, is not, as a matter of law, such negligence as will estop the maker to plead the unauthorized filling of the blanks as a defense against an innocent purchaser for value. In an action upon a note so altered the burden of proof upon the question of the maker's negligence is upon the plaintiff.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

THURSDAY, MAY 25, 1893.

ACTION to recover an amount alleged to be due on a promissory note. After the evidence for the defendant had been introduced, the court sustained a motion of the plaintiff to direct a verdict in his favor. A verdict was returned as directed for the amount of the note, and judgment was rendered thereon in favor of the plaintiff. The defendant appeals.—*Reversed.*

*Phillips & Phillips*, for appellant.

No appearance for appellee.

ROBINSON, C. J.—The note in suit as it appeared on the trial is in words and figures as follows:

"'$100.00.        DES MOINES, Iowa, Sept. 3, 1889.

"Six months after date, for value received, I promise to pay to S. E. McCreary, M. D., or order, one hundred (100) dollars, at Des Moines, Iowa, with interest at ten per cent. per annum, payable annually, and interest in arrears shall draw ten per cent. interest till paid; and in case of nonpayment of interest when due the whole sum of principal and interest to become due and collectible at the holder's option. And, in any action that may be brought for any sum under the provisions of this note by the holder hereof, he shall be entitled to recover of the maker hereof a reasonable sum as attorney's fee, to be taxed by the court.

"GEO. W. CRABTREE."

It bore indorsements as follows:

"Pay to J. W. Whitmore or order, without recourse.        S. E. McCREARY, M. D."

"Pay to C. M. Conger, or order, without recourse.

"J. W. WHITMORE."

The plaintiff introduced the note in evidence, and rested. The defendant then introduced evidence which must be regarded, for the purposes of this appeal, as showing that when the note was made and delivered it did not provide for the payment of interest, but contained two blanks, one of which was in the clause in regard to the payment of interest on the principal, and the other in the clause which refers to the payment of interest on interest in arrears; that it was agreed between the defendant and the payee of the note that it should not bear interest, and that the blanks for the rate of interest were filled without the knowledge or consent of the maker, after the note was delivered.

It has been held in some cases that the holder of a note has an implied power to fill blanks which were not filled when it was delivered. But whether a power to fill such blanks as those in controversy may exist by implication, in any event, we need not determine. In this case it is shown, clearly, that it was withheld. The filling of the blanks was unauthorized, and was designed to affect the liability of the maker of the note, by increasing the amount for which he was liable. The alteration was therefore material, and a forgery, and rendered the note void, as between the maker and the party who made the alteration. Code, section 3917; *First Nat. Bank v. Hall*, 83 Iowa, 645; *Smith v. Eals,* 81 Iowa, 235; *Adair v. Egland*, 58 Iowa, 314; Tied. Com. Paper, sections 391, 394; *McGrath v. Clark*, 56 N. Y. 34; *Cape Ann. Nat. Bank v. Burns*, 129 Mass. 596. Such an alteration may be shown as against an innocent purchaser for value, before maturity. *Charlton v. Reed*, 61 Iowa, 166; *Knoxville Nat. Bank v. Clark*, 51 Iowa, 265.

It is possible that the maker of an altered note may be estopped to deny liability on account of it because of negligence on his part in delivering it with unfilled blanks, but we do not think it can be said, as a matter

of law, that proof that the alteration was made by fill- ing blanks left by the maker, even though they were provided for inserting therein the rate of interest, is. alone proof of negligence which will estop him to deny liability. When he shows such an alteration in the note as will make it void as between him and the party who altered it, the burden is upon the party asking a recovery thereon to establish the liability of the maker notwithstanding the alteration. *Smith v. Euls*, 81 Iowa, 235; *Robinson v. Reed*, 46 Iowa, 220; *Scofield v. Ford*, 56 Iowa, 370. In *Rainbolt v. Eddy*, 34 Iowa, 441, it was held that the innocent holder for value, before maturity, of a note which had been altered by inserting without authority the words, "ten per ct. inst.," in a blank left in the note by the maker, could recover. The statement of facts in that case is brief, but we are justified in presuming that the defendant assumed the burden of proving that the plaintiff acquired the note with knowledge of its alteration, and what this court said in regard to the burden of proof must be consid- ered as applicable to that case, as it was presented by the pleadings. The petition in this case set out the note, alleged that it was owned by plaintiff, and that it was unpaid, and demanded judgment for its amount. The answer did not deny the making of the note, as origi- nally drawn, but pleaded as a defense the alteration, and that it was unauthorized. To the answer the plaintiff filed a general denial. The pleadings did not aver that the defendant was negligent in making and delivering the note with the blanks unfilled, nor that the plaintiff had no notice of the alleged alteration when he purchased it. The evidence showed that the note had been altered without authority, as alleged, and that defense was fully sustained. If negligence on the part of the defendant in making and delivering the note would have estopped him to deny liability thereon, the burden of proving the negligence was on plaintiff, under

the rule we have stated, and no attempt was made to assume that burden. But, by going to trial on the issues presented by the answer, the plaintiff waived objections to its sufficiency. Code, sections 2650, 2664; *Linden v. Green*, 81 Iowa, 366.

It follows from what we have said that the district court erred in directing a verdict for the plaintiff. Its judgment is, therefore, REVERSED.