FIRST NATIONAL BANK OF GRAND HAVEN, Appellant, v. FRED ZEIMS.

**Negotiable Instruments:** FORGERY. Where one signs an instrument containing blanks, as a means of identifying the signer, without intention of executing a contract, and another fills the blanks so as to make a promissory note of the paper, the note is void in all hands.

4 SAME: NEGLIGENCE. Such signing is not in itself negligence.

SAME: PRACTICE. If it were negligence, such negligence must be pleaded.

SAME: EVIDENCE. The circumstances attending the transfer of a note may make *bona fides* a jury question, though the buyer's testimony that it was bought in good faith before maturity, and for value, is not disputed, directly.

Practice: WAIVER. Matter not legally a defense may defeat an action, where the pleading setting it up is not attacked, and is supported by evidence.

*Appeal from Webster District Court.*—HON. JOHN L. STEVENS, Judge.

WEDNESDAY, DECEMBER 19, 1894.

Action at law on a promissory note. The defendant, in answer, pleaded: *First*, that he never signed the note in suit as such; *second*, fraud in the inception of the note; *third*, want of consideration. The case was tried to a jury, which returned a verdict for defendant, on which judgment was rendered, and plaintiff appeals.—*Affirmed.*

*Wesley Martin* and *George Wambach* for appellant.

*Botsford, Healy & Healy* for appellee.

Deemer, J.—The action is upon a promissiory note of which the following is a copy: •"$120.00. Fort Dodge, Iowa, May 14th, 1888. On or before the 14th day of May, 1889, I promise to pay to the order of Cole, Grant & Co., one hundred and twenty dollars, value received, with interest at 8 per cent. per annum. Payable at the Webster Co. Fence Factory. F. Zeims." The defendant denies that he signed the same in the form it now appears, but avers that at the time he signed the paper no writing whatever was upon it; that the same was not then a promissory note, nor in the form of one. No payee was named in the instrument, and the figures "$120.00" and the words "Cole, Grant &

Co.," "one hundred and twenty dollars," and the figure "8" were not upon the instrument, but the same were written in after defendant signed the paper; and the note as it now appears is a forgery. For further defense the defendant avers that about the date of the instrument one Clark called upon him, and claimed that he represented Cole, Grant & Co.; who had a factory for the manufacture of an improved fence, and that the said firm had the exclusive right to sell the fence in Webster county, Iowa; that said firm had a branch factory at Ft. Dodge, of which Breese & Breese were managers, and that they (Cole, Grant & Co.) wished defendant to act as agent for the sale of the fence in his township; that defendant would have nothing to pay, but would be required to execute a contract for the agency, and an instrument was presented to him, which was unnamed, but which was in the form stated in the first division of defendant's answer before the same was signed and delivered, was presented to him, which Clark represented should be deposited with Breese & Breese until such time as defendant should be convinced of the truth of Clark's statements and to satisfy Breese & Breese that defendant was agent for the territory named, and that as such agent he was to purchase of Breese & Breese such fence as he should order, the instrument to be evidence of his authority; that believing in and relying upon the truth of the statements defendant signed the instrument. And defendant avers that each and all of said statements were untrue; that the instrument signed by him was not deposited with Breese & Breese, but instead it was fraudulently forged and altered, and made in the form of a promissory note, without defendant's knowledge or consent; that the same was transferred without consideration to the plaintiffs, and that plaintiffs had notice of the fraud and false representations before set

forth.   Defendant further avers that he never received any consideration for the note.   No reply was filed, and no attack was made upon this answer, or any part of it, and the case went to trial upon the issues thus joined.

There was testimony in the case from defendant himself, tending to support his claim that the paper is a forged and altered one. And under familiar rules, if matter pleaded as a defense is not attacked by motion or demurrer, and there is testimony to sustain it, it will defeat the action, although it may not have amounted to a legal defense.   *Conger v. Crabtree*, 88 Iowa, 536, 55 N. W. Rep. 335; *Linden v. Green*, 81 Iowa, 365, 46 N. W. Rep. 1108; *Benjamin v. Veith*, 80 Iowa, 149, 45 N. W. Rep. 731.   Let it be assumed, however, that the objection to the answer was not clearly apparent on the face thereof, and that the insufficiency of the defense arises upon the proofs. We turn, then, to such of the assignments of error as are argued by counsel.   It is insisted on behalf of appellant that the evidence shows beyond question that it is a good-faith holder of the note, for value and before maturity, and that under the undisputed facts plaintiff is entitled to recover—*First*, because the defendant intrusted Clark with a printed form of promissory note to which he (defendant) had signed his name, with implied authority in Clark to fill it up for some purpose, and that, as against an innocent purchaser, defendant cannot be heard to say that Clark had no authority to fill in the blanks; *second*, that defendant was negligent in placing in the hands of Clark a printed form of promissory note with the blanks left unfilled, and that, as between plaintiff and defendant, defendant must suffer the consequences of his neglect, under the well-known rule that, where one of the two innocent parties must suffer through the

fraud or negligence of a third, the loss shall fall upon him who placed it in the power of the third party to do the wrong; and, *third* that defendant was negligent in not discovering the contents of the paper he was signing, and cannot be heard to say it was not a promissory note. These questions are practically all there are in the case, and they arise on motions to exclude testimony and exceptions to the instructions given.

The defendant testified: That Clark, who represented he was an agent for Cole, Grant & Co., tried to induce him to accept the agency for the sale of a patent fence in certain territory in Webster county, but that he (defendant) would not agree to do it. That Clark then represented that Breese & Breese, living in Ft. Dodge, were agents for Cole, Grant & Co., and were to manufacture the fence, and that he (defendant) agreed to go and see Breese & Breese about the matter; and that Clark induced him to sign a paper upon which there was some printed matter, but no writing, in order that Breese & Breese might identify him as one who had been selected by Clark as agent for Cole, Grant & Co. That nothing was said about executing a note, and the paper was never intended as a note for any amount; and that he did not sign it, except as a means through which Breese & Breese might identify him. That he told Clark that he would not make a contract of any kind until he had seen Breese & Breese. It is apparent from this testimony, if it be believed, that defendant did not intend to execute a note or contract of any kind, and that he did not, either expressly or impliedly, authorize Clark to fill up the note or use the paper and signature otherwise than as a means of identification. Under such a state of facts we think it quite clear that the filling in of the blanks in the note was wholly unauthorized, that the instrument is a forgery, and that plaintiff, though an inno-

cent holder, cannot recover thereon. No doubt, if one signs a blank promissory note, and intrusts it to another, whether it be to accommodate him to whom it is intrusted or to be used for his own benefit, such instrument carries on its face an implied authority to fill up the blanks and perfect the instrument. Or if one should execute a commercial instrument in blank, and deliver it to an agent to be filled up in accordance with certain specific directions, and this agent should fill them up for larger amounts or on different terms, the maker would be bound by the instrument as filed, if it should come into the hands of a bona fide holder, on account of having reposed trust in the agent. But in each of these cases it is the intent of the signer that the paper shall become operative as a promissory note or other contract. In one case he has given the holder implied authority to fill up the note, and in the other has given express authority which has been exceeded. There is a sharp distinction between cases where the signer of the paper executes an instrument intending it to be a contract in some form and where he merely signs a paper to furnish the means of identification. *Caulkins v. Whisler,* 29 Iowa, 495; Daniel, Neg. Inst., sections 845, 846; *Putnam v. Sullivan,* 4 Mass. 45; *Bank v. Steffes,* 54 Iowa, 214, 6 N. W. Rep. 267; *Bank v. Clark,* 51 Iowa, 264, 1 N. W. Rep. 491; *Conger v. Crabtree,* 88 Iowa, 536, 55 N. W. Rep. 335; *Ledwicks v. McKim,* · 53 N. Y. 307; *Wade v. Withington,* 1 Allen, 561; *Charlton v. Reed,* 61 Iowa, 166, 16 N. W. Rep. 64; Rand. Com. Paper, section 181; *Nance v. Larry,* 5 Ala. 370; *Walker v. Ebert,* 29 Wis. 194. We think there was ample testimony from which the jury might have found the note was a forgery.

With reference to the claim that defendant was negligent, there are two all-sufficient answers: *First.* There is no pleading of negligence or estoppel in the case, and under the authority of *Conger v. Crabtree, supra,* the question is not properly presented. See, also, as sustaining the rule there announced, *Scofield v. Ford,* 56 Iowa, 370, 9 N. W. Rep. 309; *Robinson v. Reed,* 46 Iowa, 219. *Second.* It has been held that the signing of a paper with unfilled blanks is not in itself negligence. *Conger v. Crabtree, supra; Bank v. Clark, supra; Bank v. Hall,* 83 Iowa, 645, 50 N. W. Rep. 944; *Caulkins v. Whisler, supra.* See, also, *Bank v. Stowell,* 123 Mass. 196; *Holmes v. Trumper,* 22 Mich. 427. That there are authorities holding to a different rule is conceded; but in view of the carefully considered opinion in *Bank v. Clark, supra,* it cannot be said that the question is open to debate in this state.

The third contention of appellant presupposes the execution of the note in its present form by the defendant, under the mistaken idea that the paper he was signing was something different from what it turns out. This assumption is not warranted by the facts. The testimony is, or at least the jury was authorized in finding, that the paper defendant signed had no writing upon it, that defendant signed the paper he intended to sign, and that the one he signed is not the one on which suit was brought. If it had been shown that the note produced in evidence was, when signed by defendant, in its present form, and that defendant signed it negligently, supposing it was something different from what he intended to sign, there would be much force in plaintiff's contention.

II. The court instructed the jury properly on the question of the alteration and forgery of the note, and followed these instructions with paragraphs in refer-

ence to the fraud and want of consideration pleaded by defendant, and then instructed the jury that, if the fraud was established, the burden shifted to the plaintiff to establish that it was a bona fide holder for value, before maturity, of the notes in question. It is insisted that these last instructions were erroneous, because there was no conflict in the testimony regarding these questions. We think there was no error in giving these instructions, for they announced correct rules of law, and cast the burden where it ought to be placed.

6  The circumstances connected with the transfer of the notes to the plaintiff were proper to be considered in determining whether it was a bona fide holder or not. We see no prejudicial error in the record, and the judgment is *affirmed*.