## B. F. DERR v. W. H. KEAOUGH, Appellant.

**Alteration of Note:** GOOD FAITH BUYER. Where a blank left in a note is, after delivery, fraudulently filled so as to provide for the payment of interest, the note is void in all hands, unless some negligence of the maker appear.

**Jury Question.** Where there is evidence that circumstances existed which ought to have put the buyer of a note on inquiry and other evidence that the note was bought for value, without notice and before maturity, the question whether the purchase was in good faith was for the jury.

*Appeal from Hamilton District Court.*—HON. D. R. HINDMAN, Judge.

FRIDAY, DECEMBER 13, 1895.

Action upon a promissory note. Trial by jury. Verdict and judgment for the plaintiff. Defendant appeals.—*Reversed.*

*Yeoman & Kenyon* and *D. C. Chase* for appellant.

*Wesley Martin* for appellee.

Rothrock, J.—I. The note upon which the suit was brought is negotiable in form. It is dated in May, 1888, and became due May 18, 1889, and is payable to the order of Cole, Grant & Co. It was indorsed before it became due by Cole, Grant & Co. to C. H. Neely, and by Neely to the plaintiff. The defendant admitted that he signed the note, and he set up two defenses against it. The first defense was that the note was procured from him by fraud. One McNeil appeared at defendant's farm in May, 1888, as the agent of a fence manufacturing company. He procured the defendant to sign the note in suit in consideration of appointing him a township agent for the sale of the fence. We need not set out the false representations upon which defendant relies to defeat recovery of the note. It is enough to say that the note was obtained from the defendant by the basest fraud and deceit. The fraud was substantially the same as in *Bank v. Zeims*, 93 Iowa, 140 (61 N. W. Rep. 483). The note in that case was procured by an agent representing the same pretended fence manufactory, and the falsehoods and deceit in the one case are substantially the same as in the other. There is no doubt of the fraud. It is so manifest that it is not claimed that the note would be valid as between the payee and maker. The other defense is founded upon what is claimed to be a fraudulent and unauthorized alteration of the note after it was executed and delivered. The instrument was taken upon a blank form of note. The following is a copy as it appeared at the time of the trial in the court below: "Fort Dodge, Ia., May —, 1888. $120. On or before the 18 day of May 1889, I promise to pay to the order of Cole, Grant & Co.—one hundred twenty

—dollars value received with interest at ten per cent. per annum." The defendant, in answer, averred the fact to be that when he signed and delivered the note the word "ten" was not written in the note and he testified as a witness upon the trial that when the note was delivered the word "ten" was not written therein, and that he did not intend to give an interest-bearing note, and that it was expressly agreed between him and McNeil, the pretended agent, that the instrument was not to bear interest. There is no evidence except the *prima facie* case made by the face of the note which is in any way contradictory to the defendant's testimony as to the form of the note when it was signed and delivered. And the defendant is corroborated to some extent by two witnesses who were experts, and who testified that in their opinion the word "ten" in the blank was not in the same handwriting as the other written parts of the note.

II.   It is conceded by counsel in the case that if the plaintiff purchased the note in good faith, without notice, before due, and for a valuable consideration, he is entitled to recover, notwithstanding the original fraud in the transaction. There was evidence which justified such a finding. There was also evidence of facts and circumstances which tended to show that the plaintiff ought to have made inquiry as to the validity of the note before he purchased it. But the question of the plaintiff's being a good-faith purchaser was proper to be submitted to the jury.

III.   But the defense founded upon the fraudulent alteration of the note is not to be controlled by the alleged fraudulent representations in procuring it. And the defendant requested the court to charge the jury as follows: "That if, at the time of the execution of said note, it was agreed between the said Cole, Grant & Co., or his agent acting for him, that there

should be no interest on said note, or that the same should draw no interest, and that the same was so drawn, leaving an interest blank in said note; and that, after the execution thereof, the same was, without the consent or knowledge of the said Keough, fraudulently altered by the insertion of the word 'ten' in the interest blank in said note, the same is a material alteration, and the plaintiff cannot recover." This instruction was refused, and the court instructed the jury on that question as follows: "As regards the defense set up in this case by the defendant Keough that the note in question was changed by inserting the word 'ten' after the delivery, and was obtained from him by false representations, you are instructed that to defeat a recovery on those grounds, you must find from the evidence that the alleged change was made as charged, or that the alleged false representations were made as charged, and that such false representations when they were made; that said McNeill then knew them to be false; and that they were such that a man of ordinary caution and prudence would be likely to rely upon; and that defendant, Keough, did rely upon the truth of them, and was induced thereby to give the said note; that he has been in some manner injured by such false representations or damaged in the note, and that the plaintiff in this action is not an innocent holder of the note." Another instruction given was to the same effect,— that the defendant was not entitled to a verdict even if they found that there was a fraudulent alteration of the note, unless they found that the plaintiff was not an innocent holder of it. The effect of the instructions given was to place both defenses on the same ground, and to require the jury to return a verdict

for the plaintiff, unless they found that he had notice of the fraudulent alteration.   We do not think that the instructions given to the jury can be sustained, in the absence of some evidence of negligence, or some showing that would support a finding that the defendant authorized McNeil to fill the blank.   There can be no recovery against the defendant if it can be found that the alteration was made without his knowledge or consent, after the instrument was delivered.  *Bank v. Clark*, 51 Iowa, 273 (1 N. W. Rep. 491); *Charlton v. Reed*, 61 Iowa, 166 (16 N. W. Rep. 64); *Conger v. Crabtree*, 88 Iowa, 536 (55 N. W. Rep. 335); *Bank v. Hall*, 83 Iowa, 645 (50 N. W. Rep. 944); *Bank v. Zeims*, 93 Iowa, 140 (61 N. W. Rep. 433).   The notes in the two cases last named were obtained in the same interest—that is, for the same company—as the note in suit in this case.  In *Hall's Case* the alteration of the note was precisely the same as in the case at bar, with the exception that eight per cent. was filled in the blank.   Our conclusion is that an instruction should have been given in line with the instruction refused, and for the reasons stated, the instructions given upon the effect of the alterations are not in harmony with the above-cited cases determined by this court.   The judgment of the district court is *reversed.*