GARLAND CORPORATION, Appellant, v. WATERLOO LOAN & TRUST Co. et al., Appellees.

TRIAL: Jury Question as Preventing Directed Verdict. Plaintiff 1    may not have a directed verdict if the record reveals a jury question on any one of numerous defenses pleaded.

APPEAL AND ERROR: Failure to Question Defense. Failure to
challenge in the trial court the sufficiency of the facts pleaded
as a defense in a matter of private right, is an irrevocable
concession that such alleged facts, if established, constitutes
a valid defense.

CORPORATIONS: Authority of Bookkeepers, Etc. There is no
presumption that bookkeepers, assistant treasurers, or cash-
iers have authority, through any act of their own, and merely
because they know that the rights of the corporation have been
invaded, to release the wrongdoer from liability created by
such invasion.

PLEADING: Conversion Plus Unnecessary Allegation. A plain-
tiff who pleads that his discount notes were sold by his agent
to defendant, and that defendant converted said notes, in part,
to his own use, by paying said agent in property other than
money, without authority from plaintiff so to do, and that de-
fendant now refuses to pay plaintiff the amount of such un-
authorized payment; need *not* prove a further allegation *that
said sale was made under a prior general agreement therefor
with defendant.*

*Appeal from Black Hawk District Court.*—FRANKLIN C.
PLATT, Judge.

JANUARY 20, 1919.

THE petition of the plaintiff, appellant, alleges, in ef-
fect, that defendants bought of Collins eleven promissory
notes, which were the property of plaintiff, and made by it to
its own order, and endorsed by it in blank; that but a small
part of the purchase price was paid in cash, and the balance
in property; that, so, defendants have wrongfully converted
so much of the purchase price as was paid other than in
cash: and judgment is prayed for the difference between
the value of the notes and the lesser sum paid for them in
cash. Defendants, in effect, make general denial, and plead
certain affirmative defenses as constituting a waiver of
whatsoever rights plaintiff might otherwise have had, and as
an estoppel to complain that other than cash was paid.

By stipulation, the defendant and appellee Citizens Savings Bank has been eliminated from the suit.—*Reversed and remanded.*

*Harry O. Evans* and *J. T. Sullivan,* for appellant.

*Courtright & Arbuckle* and *Edwards & Longley,* for appellees.

SALINGER, J.—I. The defendant Trust Company admits it bought said eleven notes of Collins, and that something like $18,000 of the purchase price was paid for in property. Its general denial amounts to a claim that plaintiff, by its past conduct, led defendant to believe either that the eleven notes were the property of Collins, or that, though Collins were but the agent of plaintiff, he had authority to take payment in such property as he was, in large part, paid in. As said, defendant adds to this several pleas asserting waiver and estoppel. The appellant moved that a verdict be directed in its favor, and now complains because this motion was denied.

1. TRIAL: jury question as preventing directed verdict.

If any one of the estoppels pleaded by defendant was supported by sufficient evidence to send that plea to the jury, we have no occasion to determine whether, in the absence of such estoppel, plaintiff would have been entitled to a directed verdict, nor to consider whether other pleas in the nature of estoppels were sufficiently supported to carry them to the jury. One plea in estoppel interposed was that plaintiff knew, when it delivered the eleven notes to Collins, that, at another and earlier time, it had delivered to him notes aggregating $33,500; knew that defendant purchased these, and, after deducting a brokerage charge of two per cent, paid for them by delivering to Collins its certificates of deposit at four per cent interest and due in six months; and knew, also, that Collins had exercised his own judgment as to accounting to the plaintiff for the proceeds there-

of.  Upon this, defendant pleads that plaintiff "thereby waived any claim which it might otherwise have had against these defendants," on account of the purchase of the eleven notes, "and is estopped from complaining of these defendants on account of the purchase" of said notes.  Appellant contends that the plea fails to state a basis for the waiver or estoppel claimed.  Be that as it may, this plea was in no manner assailed below.  We said, in *First Nat. Bank v. Zeims,* 93 Iowa 140:

2. APPEAL AND ERROR: failure to question defense.

"Under familiar rules, if matter pleaded as a defense is not attacked by motion or demurrer, and there is testimony to sustain it, it will defeat the action, although it may not have amounted to a legal defense."

In support, the *Zeims* case cites *Conger v. Crabtree,* 88 Iowa 536; *Linden v. Green,* 81 Iowa 365; and *Benjamin v. Vieth,* 80 Iowa 149.  We have upheld this rule of practice since the so-called Blanchard Act was passed.  See *Lacy v. County of Kossuth,* 106 Iowa 16; *Boyd v. J. J. Watson & Co.,* 101 Iowa 214, at 222; *Enix v. Iowa Cent. R. Co.,* 114 Iowa 508, at 510; *Ormsby v. Graham,* 123 Iowa 202, at 211; *Heiman v. Felder,* 178 Iowa 740, at 751; *Citizens Bank v. Hickman,* 179 Iowa 1178, at 1184.  In the last-named case we said:

"The answer stated no defense.  But the answer was not challenged by demurrer or motion.  In those circumstances, defendant, having prevailed below, can maintain what she there got, if she proved all that she pleaded."

It follows the motion of plaintiff that verdict be directed in its favor was rightly denied, if there was evidence from which the jury might, in reason, find that, at said earlier time, notes sold through Collins were paid for by certificates of deposit issued by the defendant; that plaintiff knew this fact when it enabled Collins to sell the eleven notes, and then knew, also, that Collins had exercised his own judg-

ment as to accounting to plaintiff for the proceeds of the notes sold earlier, or of said certificates of deposit. Beyond all question, the plaintiff knew, when it delivered the eleven notes to Collins to be sold to defendant, that, at an earlier time, it had through him sold to defendant a set of notes aggregating $33,500; and the jury could find, both on the testimony of the president of the plaintiff and on the correspondence between the parties, that, when plaintiff delivered the eleven notes to be negotiated, it knew that the notes sold earlier had been paid for by said certificates of deposit, and knew, also, that Collins had exercised his own judgment as to accounting to plaintiff for the certificates of deposit. Whatever right, then, plaintiff might have had to have a verdict directed in its favor, were it not for this plea of estoppel, the overruling of this motion cannot be interfered with, because appellant has waived the right to challenge the sufficiency of the plea, and because there was enough evidence to make the claim of this plea a jury question. Indeed, we are constrained to hold, in answer to a complaint that the court erred in charging that the evidence upon the point is not in dispute, that the record justified giving this instruction.

II.   Instruction 5 charged that the evidence shows, beyond dispute, that, prior to October 12, 1909, the plaintiffs and defendant had a business transaction under which the trust company either purchased the promissory notes of the corporation, or took the same and sold them for the account of the corporation at six per cent discount and a two per cent commission; and that it is undisputed that, in April, 1909, in one transaction that took place between the parties, a certificate of deposit for $1,000 was issued; that plaintiff received the same through Collins; and that thereafter, they sent the certificate to Collins, with a request that he send the proceeds of same to plaintiff.

The complaint is that the charge is not justified by the evidence.   We are of opinion the complaint is not tenable.

### 2-a

Instruction 13 charged that, if the jury find that, when John W. Garland directed the eleven notes to be sent to Collins, Garland intended or had reason to believe that the notes would be disposed of by Collins, and that the proceeds thereof, whether in money or property, would be received by Collins, and that Collins would account therefor to the corporation or to Garland, the verdict must be for defendants.   We think there was enough evidence so that the jury might find, contrary to the claim of appellant, that Garland and the corporation did not intend Collins should account with money only, but were willing to receive either money or property.   Of course, if the jury could find that this is so, then it amounted to advance authority to take something other than money,—in fact, to take any kind of property; and if that be so, plaintiff could not have a verdict for conversion because property was paid.   The restriction was not error.

III.   Defendant answers that, by charging Collins on its books of account with the difference between the face value of the eleven notes, less what was paid therefor in the equivalent of cash, and making such charge with full knowledge that the notes had been paid for with personal property, in large part, plaintiff "waived any claim which it might have against these defendants or either of them, and is estopped thereby to complain in this or any action on account of the facts complained of."   This affirmative allegation stands denied by operation of law, and filing reply thereto affects such denial only in so far as such reply may constitute an admission, in whole or in part.   The reply filed in terms denies that plaintiff made a charge on its books with knowledge such as is alleged, and asserts affirma-

**3. CORPORATIONS: authority of bookkeepers, etc.**

tively not more than that it had tried to get knowledge, but
had been unable to do so. By operation of law, then, and
by what is affirmatively pleaded in the reply, there are two
denials: First, that the plaintiff made such a charge on its
books at all; second, that, at all events, plaintiff took no ac-
tion in the premises with such knowledge as the defendant
asserts it to have had. In our opinion, there is no evidence
that, when a charge against Collins with reference to these
eleven notes was put on the books of the plaintiff, on Jan-
uary 3, 1910, by one Short, acting under the direction of
one Glaser, that either the corporation or these men had the
knowledge which the answer asserts. On the other hand,
when this charge was remade, in July, 1910, Short did know
how Collins had been paid. Now, Instruction 15 charges
that it was for the jury to say whether, under all the sur-
rounding circumstances, as shown by the credible evidence,
said charge on the books indicated an intention on part of
*plaintiff* to look to Collins for payment, or whether the
charge was merely a memorandum for the purpose of keep-
ing track of the notes, and to show the channel through
which they were sent to defendants. It is now complained
there is no evidence upon which this instruction may right-
fully be based. Such a charge was made on the books; and
we have already pointed out that Short, who, under Glaser,
made the charge, knew, when he made the second one, that
Collins had been largely paid in property. So far, then, as
the making of the charge on the books is concerned, there
was evidence that justified an instruction which assumed
such charge to have been made, or at least dealt with such
a charge as having been made. But, as said, there was not
merely a denial that whatsoever charge was made was with
knowledge of what had been done with Collins, but a denial
that the plaintiff made such a charge. This puts in issue
whether those who did charge Collins upon the books of
plaintiff had authority thereby to ratify on behalf of plain-

tiff the payment in property made to Collins. There is no evidence of the authority possessed by either Short or Glaser, except that Short was an officer inferior to Glaser, who seems to have been the assistant treasurer of the corporation, and that Short had been bookkeeper, cashier, and possibly, also, an assistant treasurer. If a mere bookkeeper had attempted the ratification claimed here, it would have to be held that, while he may have had authority to put charges on the. books, he could not, by exercising that authority, take from his employer a claim against a solvent bank and substitute therefor a claim against a defaulting and possibly insolvent agent. That he put an entry on the books, knowing the dereliction of the agent, would add nothing to his authority. As well say that, if a janitor employed by the corporation knew how Collins had been paid, the janitor could ratify such payment for the corporation. There is no presumption that bookkeepers or assistant treasurers or cashiers may, by any act of their own, and merely because they know the rights of the employer have been invaded, release the wrongdoer from the liability created by such invasion. We find no evidence of any authority by which such book entries as Short made under the direction of Glaser could work a ratification or release by the *plaintiff;* and, therefore, hold it was error to submit to the jury whether the book entry in question indicated an intention on part of plaintiff to look to Collins for satisfaction.

IV. The petition alleges that, prior to the 1st day of September, 1909, plaintiff perfected an agreement with defendant through one Collins, whereby defendant was to purchase of or discount for plaintiff promissory notes made by plaintiff, at stated discounts, proceeds to be placed to the credit of plaintiff in the bank of defendant, and that Collins arranged to discount the eleven notes and delivered the same to defendant, and did so in

4. **PLEADING:** conversion plus unnecessary allegation.

pursuance of said general agreement, as well as under an express arrangement for the purchase of the eleven notes. The answer denies there was such agreement. While the petition charges the defendant was one party to the agreement and Collins the other, evidence was admitted without objection which tended to prove that substantially such an agreement was made, not between Collins and the defendant, but between John Garland, the president of the corporation, and the defendant. In Instructions 6, 9, 10, 11, and 15, it is charged, in effect, that plaintiff cannot recover unless the jury finds the sale and purchase of the eleven notes was made under said antecedent agreement. This amounts to taking the position that the petition states no cause of action if its allegation that the sale of the notes was had under said agreement be eliminated. We are of opinion that the plea that the sale was made under said agreement, is far from being vital,—merely a plea of more than is necessary to obtain a recovery. With the allegation as to sale under agreement stricken out, the petition charges a complete case of conversion. It alleges that Collins sold notes which were the property of the plaintiff to the defendant, and without authority for so doing, and received payment in something other than money. This allegation, if proved, invokes against defendant the presumption that an agent authorized to sell is not thereby authorized to receive payment in something other than cash. And proof of the additional allegation of the petition that demand has been made for so much of the purchase price as was not paid for in cash, and this demand refused, states, as said, a good cause of action, without reference to the plea that the sale was under a claimed agreement.

It may be assumed, for the sake of argument, the jury could find, on the evidence, that plaintiff had given Collins authority to receive payment in property, or had held him out as having such authority, or had misled the defendant

into believing it would accept payment in property. To say the least, the jury could also find that, although the plaintiff had ratified a former payment in certificates of deposit by a solvent bank, it had never authorized payment in the overdue notes of Collins, Corn Belt Telephone stock, paving certificates, and the like,—could find that Collins was never authorized to received payment in such things as that; that nothing had been done to lead defendant to believe that Collins had authority to receive payment in that form, or that his receiving it would be ratified,—could even find defendant knew Collins had no right to take payment in what was given him. If the jury found what it could find for plaintiff, then plaintiff was entitled to its verdict. The court charged, in manifest effect, that, whatever else the proof showed, that, though that were demonstrated what we now hold would make a cause of action, yet defendant must have the verdict, unless the unnecessary plea of sale under antecedent contract was found to be established. It is not necessary for us to hold that the plea of sale under contract was pure surplusage, and that the court should not have submitted it at all. It suffices to say it was error, in addition to submitting it, to tell the jury plaintiff must fail unless it proved that plea.

For the errors pointed out in Divisions 3 and 4 of this opinion, there must be a reversal.—*Reversed and remanded.*

LADD, C. J., EVANS and PRESTON, JJ., concur.