# 𝔖taunton

WHALEY BROTHERS V. F. L. STEVENS.

September 22, 1932.

Present, All the Justices.

The opinion states the case.

*T. W. Messick,* for the plaintiffs in error.

No appearance for the defendant in error.

HOLT, J., delivered the opinion of the court.

This is a notice of motion brought by F. L. Stevens, hereinafter called plaintiff, against E. T. Whaley and J. W. Whaley, partners trading as Whaley Brothers, who will, for convenience, be designated as defendants.

Plaintiff sought to recover $480, evidenced by six negotiable notes, all of date August 21, 1927. He claims to be "a holder in due course." The defendants charge that he is not such a holder, and that they were procured by fraud. There was a verdict for them. It was set aside by the trial court; which entered judgment for the plaintiff in the amount claimed.

O. N. Allen, a salesman for the Brenard Manufacturing Company, of Iowa City, Iowa, called on the defendants at their place of business in Roanoke, and after some negotiations sold to them six radio receiving sets. The contract of sale bears date August 21, 1927. It was sent on by this salesman to his company and accepted. To it were attached the notes in judgment, separated, however, from the main body of the contract by perforated lines. These notes were detached before maturity and sold to the plaintiff together with a large number of other notes at a discount of about twelve per cent.

This stipulation appears in the record: "It is stipulated and agreed between counsel that the size of type in the contract between the Bernard Manufacturing Com-

pany and Whaley Brothers is smaller than that size required by section 5562a of the Code of Virginia."

From the provisions of this statute it follows that the vending company is bound by verbal agreements or modifications of the written contract made by its agent or salesman. It does contain this stipulation: "If my (Whaley Brothers) sales under this agreement do not amount to $480.00 you agree to either pay me the difference in cash or repurchase the goods purchased hereunder if returned to you in good order and you are to send your bond in the sum of $480.00 to protect me in the conditions of this agreement."

Allen, the agent, told the defendants that they would merely have to remit to his company as sales were made, and that if these sales were not made within six months the radio sets might be returned to his company which would pay all charges including those for freight and transfers, thus in effect telling them that they would be required to pay nothing but merely to remit as collections were made.

Within a short time thereafter and when the first of the notes became due, it was sent to Roanoke for collection. Payment was refused by defendants who wrote to the manufacturing company on August 23, 1927, setting forth their reasons for refusal and restating the agreement made with them by its agent.

Plaintiff claims, as we have seen, to be a purchaser for value without notice. He is a lawyer and note broker in Iowa City, whose business, in part, was the purchase of these sales notes from this manufacturing company. He knew that those in judgment had been detached from the contract, and while he never saw the particular contract of which they were a part he had seen others of like character and was cognizant of their provisions.

At the time of his purchase the manufacturing company told him that if there was any difficulty in collecting these notes it would bear all attendant expenses. They were to be turned over to a Mr. Kenderdine, the company's attorney,

regularly retained by it. This was stipulated for in his contract of employment with the manufacturing company.

The plaintiff appears to be a litigant of considerable experience. He lost the case of *Stevens* v. *Pearson,* 138 Minn. 72, 163 N. W. 769, 770, in which the facts parallel those under review. The court there held that the value of the note was enhanced by its detachment from the contract. That is to say, the detachment itself was in the nature of an alteration, and in the course of its opinion said: "Plaintiff was a lawyer of many years' experience. He had taken thousands of dollars worth of these notes before. He knew they were detached from contracts. The taking of these notes was regular business with him, and as they were collected the proceeds were deposited in a special fund and this fund he used to take over more notes. He left the notes in the hands of the company's attorney for collection. There had been a considerable number of suits. The company paid all expense of collection and of the litigation incident to it."

This same plaintiff again appears as an unsuccessful litigant in *Stevens* v. *Venema,* 202 Mich. 232, 168 N. W. 531, 533, L. R. A. 1918F, page 1145. Here again the facts in their essentials are like ours. That court said: "The procuring of defendant's signature to a promissory note made a part of an elaborate and ingeniously enticing so-called 'order' for merchandise, prepared on a printed form so as to be signed in several places, was presumptively deceptive and fraudulent, and when so shown shifts the burden of proof to the party claiming under it chargeable with notice. The natural inference to be drawn from incorporating a detachable promissory note in such an instrument in a transaction of this nature is a purpose to deceive." And further: "To sustain the validity of this detached note, dependence is placed upon the provision in the order 'that the company is authorized to detach the same when this order is approved and shipped.' This sentence appears in the order just above the perforation for detaching the

note and below the signature in the order. Such expedient only emphasizes the sinister purpose of the combination."

■ The detachment of a negotiable note from a memorandum qualifying its terms is of itself a material alteration. *Scofield* v. *Ford*, 56 Iowa 370, 9 N. W. 309.

■ One who closes his eyes for fear of seeing may be ignorant but he is not innocent. This rule is well stated in *Knowlton* v. *Schultz*, 6 N. D. 417, 71 N. W. 550, 552: "It may be true in this case that the plaintiff bought before maturity, for value, and without notice of any defense; and yet he may not be a purchaser in good faith. He may, when he bought, have had knowledge of facts which excited in his mind such suspicions as to the paper that he feared to make an investigation, lest it would disclose a defense, and therefore he carefully shut his eyes, and bought in the dark. In such a case he would not be a purchaser in good faith."

Stevens is no stranger. He was the plaintiff in *Stevens* v. *Clintwood Drug Co.*, 155 Va. 353, 154 S. E. 515, 518, and the holder of certain negotiable notes purchased from this same manufacturing company. He again failed. Mr. Justice Campbell, speaking for the court, said: "Notwithstanding the provision, 'notes to be detached by the Brenard Manufacturing Company,' printed, not in the body of the contract, but upon the side thereof, our view is that the notes and contract constituted but one instrument and imposed upon the purchaser of the notes, possessed of the general knowledge of such contracts of sale, the duty of investigation. In the contract appears the provision:

" 'If my sales under this agreement do not amount to $288.33 you agree to either pay me the difference in cash or repurchase the goods purchased hereunder if returned to you in good order, and you are to send your bond in the sum of $288.33 to protect me in the condition of this agreement.'

"Had the investigation been made, that provision would have put the proposed purchaser on notice that the contract

was a conditional one, and thus forewarned he could assume no higher position than the company could assume."

That ends this case.

Stevens is not merely charged with knowledge. He actually knew of the provisions of the contract to which his notes were attached. They bind him as they bound the vendor.

This court recently had occasion to deny to him a writ of error in the case of *Stevens* v. *Lipscomb*.[1] In that case this very contract came under review.

For reasons stated the judgment must be reversed and the case dismissed.

*Reversed.*

EPES, J., dissenting.

---

[1] No opinion rendered.