CITIZENS BANK OF PLEASANTVILLE, Appellant, v. THIRZA HICKMAN, Administratrix, Appellee.

**PRINCIPAL AND SURETY:** Discharge of Surety—Statutory Demand—Insufficient Compliance. Filing a claim against the estate of a surety is, without more, manifestly not a compliance with a statutory demand by the personal representatives of the deceased surety that the creditor begin action against the principal debtor. Section 3064, Code, 1897.

**PRINCIPAL AND SURETY:** Discharge of Surety—Demand For Suit—Alternate Right of Creditor. A creditor receiving a statu-

tory demand for suit against the principal debtor may counter with permission to the surety to sue in the creditor's name. Evidence reviewed, and held sufficient to carry to the jury the question whether such permission was given.    Section 3065, Code, 1897.

**PRINCIPAL AND SURETY:**    Discharge of Surety—Demand For
3  Suit—Duty of Creditor to Furnish Copy. · A creditor is under no obligation to furnish the surety with a copy of the writing *unless demand is made therefor by the surety.*    Section 3065, Code, 1897.

**STATUTES:**    Construction—Forfeitures—Strict Construction.    Prin-
4  ciple recognized that the law dislikes forfeitures.

**PRINCIPAL AND SURETY:**    Discharge of Surety—Demand For
5  Suit—Furnishing Copy to Surety.    A surety may not predicate a release from liability on the ground that the creditor failed to furnish a copy of the writing, (a) when the surety never made demand for such copy, and (b) when, at all times, through his attorney, the surety had possession of the files in another proceeding which contained such copy.    Section 3065, Code, 1897.

**STATUTES:**    Construction—Useless Acts.    Principle recognized that
6  the law, though statutory, will not require useless acts.

**PLEADING:**    Answer—Insufficient Rendered Sufficient.    Principle
7· recognized that a legally insufficient answer may be rendered sufficient by the failure to attack the same by motion, demurrer, or otherwise.

*Appeal from Marion District Court.*—LORIN N. HAYS, Judge.

MONDAY, MAY 14, 1917.

THE decedent, A. C. Hickman, was surety on a note given by one L. L. Dunham to the appellant bank. Upon suit brought by the bank to recover judgment on said promissory note, the administratrix of Hickman contended that her decedent, being a surety on the note, was released from liability because the plaintiff had failed to comply with the requirements of Sections 3064 and 3065, Code, 1897. At the conclusion of all the testimony, a motion was made and sustained, the effect of which was to release the surety be-

cause of non-compliance with the provisions of said statutes. —*Reversed.*

*W. H. Lyon,* for appellant.

*Crozier & Welch* and *W. G. Vander Ploeg,* for appellee.

SALINGER, J.—I. Limiting ourselves to the ruling in sustaining the motion to direct verdict, we have nothing to decide but the question whether certain allegations of the answer were so conclusively proven as that there was no question to submit to a jury. One statute works a release if the creditor fails or refuses, within 10 days after service of such notice as was here served, to sue on the claim, or to permit the surety to commence an action in the name of such creditor at the cost of the surety. Another statute covers refusal or neglect to furnish the surety with a true copy of the contract or other writing therefor, or to give him the use of the original when requisite in such action.

II. There is a claim by the bank that 1. PRINCIPAL AND SURETY: dis- it did sue. This claim is based upon filing a charge of sure- ty: statutory claim against the estate of Hickman, de- demand: in- sufficient com- ceased. This does not avail: first, because pliance. the claim was not filed within 10 days after notice was served; second, if filing the claim be treated as a suit, it was not a suit against the principal, but a suit against the surety, and him alone.

III. But the plaintiff was not required to bring suit if it permitted the surety to bring suit in the name of the creditor at the cost of the surety. Did the state of the evidence justify the trial court in taking from the jury whether or not such permission had been given? The administratrix testified that the cashier of plaintiff's bank read the notice when she brought it to him, and asked her when she wanted him "to do that," and she told him, "Right away;" that thereupon he said nothing. She then told him she hated to do that, but that he (the cashier) would have to do something,

A few days after this talk, the cashier called her up over the telephone, but did not say to bring suit against Dunham, but asked her what she was going to do about the note. She told him she thought Mr. Dunham would pay it, as he said he would. He asked her what she was going to do about the note, and she told him, "Nothing." The cashier, as a witness for defendant, testifies that he read the notice over, and that it was one either to sue or permit her to sue in the name of the bank, at her expense. He read it over, and "told her to go ahead and collect it." He said that, if he sued, he would have to sue both, and that there was no use for him to sue either. The administratrix then said to him that she had been trying to settle with Dunham and had been to see him; that he had promised to come and make settlement with her, but had not come yet, and the cashier said to her, "Go ahead and settle with Dunham." A few days later, he called her over the phone and asked if she had seen Dunham, and asked her if she had settled with him, and she said "No." He asked her if she was going to sue him, and she said, "No. I don't know that there is any use; you go ahead." As a witness for plaintiff, the cashier testified:

"I understood that I must sue or permit her to sue, and knew that it had to be done at once, within 10 days. Q. When did you tell her to sue? A. Then. Right when I read the copy."

As said, the mere failure of the bank to sue would not work the release. If it authorized suit to be brought by the surety in the name of the bank, that suffices. We think that, under the evidence, it was a fair question for a jury whether such permission had been given. Also, whether failure to sue was not due to the fact that defendant abandoned her demand that suit be brought, after having made it. It follows that the court erred in releasing the surety, as matter of law.

2. PRINCIPAL
AND SURETY:
discharge of
surety: de-
mand for
suit: alter-
nate right of
creditor.

IV. A brother of defendant adminis-

**8. PRINCIPAL AND SURETY: discharge of surety: demand for suit: duty of creditor to furnish copy.**
tratrix's acted as her agent. The cashier says that one reason why he did not furnish defendant a copy of the note is because, on the order of the brother, he filed a claim with copy of the note. Another reason he gives is because he knew she had seen the note, and because they had come to see Dunham to settle with him. It is conceded that a claim was filed in the office of the clerk, with a copy of the note in question attached thereto, before defendant gave notice requiring suit. This notice may have been served on the 31st day of December, but the cashier claims it was some time during the first week in January following. An attorney representing the defendant in this case took this claim, with a copy of the note attached, out of the clerk's office on December 23, 1913, and, so far as appears, had them until the attorney for the appellant received them, on September 4, 1914, after this suit was brought.

### 4-a

The sustaining of one part of the mo-

**4. STATUTES: construction: forfeitures: strict construction.**
tion to direct verdict rules that judgment of release is due by failure to furnish the administratrix a copy of the note. The notice served did not demand the furnishing of such copy. All it required of the bank was that it "sue upon said promissory note and bring suit upon said promissory note against those liable thereon, or permit the undersigned, as administrator of the estate of said surety, to bring suit thereon in your name and at the cost of the undersigned." So the first question we have is whether the statute contemplates that there shall be a release for failure to furnish a copy in the absence of a notice demanding the furnishing of the same. The statute that must govern is:

"If the creditor refuses or neglects to bring an action

for ten days after request, and does not permit the surety to do so, and furnish him with a true copy of the contract or other writing therefor,   *   *   *   the surety shall be discharged." ' Sec. 3065, Code, 1897.

The answer seeks relief upon the ground that plaintiff failed to bring suit upon the note within 10 days from the service of said notice, "and failed to deliver to this defendant a copy of said promissory note, or of the original for the purpose of bringing suit thereon." We think a fair construction of this statute is that, since the release of the surety in a sense works a forfeiture, the statute should not be construed to make forfeiture easy. Its intent is that there shall be no release for failure to deliver the copy until after a demand to deliver it has been made, and that it is sufficient if it is delivered within 10 days after such demand.

### 4-b

**5. PRINCIPAL AND SURETY: discharge of surety: demand for suit: turnishing copy to surety.** Nor are we persuaded that there is a failure to furnish the copy where, before any demand is made, and up to and beyond the time at which suit is brought, a true copy is filed, attached to a claim in the estate which is claiming release, and which, after filing, and before demand, and thereafter up to the time of suit, and after, is in the hands of the attorney of the party who seeks such release.

**6. STATUTES: construction: useless acts.** The statute should not be construed in aid of a forfeiture to require the doing of what is needless. A requirement to furnish anything is intended to supply what is necessary; something that the other needs. 20 Cyc. 863; 4 Words & Phrases 3010; Webster's International Dictionary. We are of opinion the court erred in holding that the surety was released because of failure to furnish copy.

V. The statutes invoked have for their **7. PLEADING: answer: insufficient rendered sufficient.** predicate that the surety "apprehends that his principal is about to become insolvent, or remove permanently from the state without discharging the contract." The defendant answered by making part of the answer the notice, served. That notice declares "that the said L. L. Dunham, the principal on said note, is about to become insolvent." It is presumed that Dunham was solvent, and there was no testimony that he was or was about to become insolvent. It is, however, doubtful whether the defendant pleaded any insolvency of Dunham by the mere setting out of said notice. If that was not pleaded, the answer stated no defense. But the answer was not challenged by demurrer or motion. In those circumstances, defendant, having prevailed below, can maintain what she there got, if she proved all that she pleaded.

For the reasons pointed out, the order below is—*Reversed.*

GAYNOR, C. J., LADD and EVANS, JJ., concur.